# United Brotherhood of Carpenters and Joiners of America v. Dinkle.

[No. 4,713.   Filed January 26, 1904.]

MUTUAL BENEFIT SOCIETY.—*Suspension from Benefits.*—*Unreasonable By-Laws.*—A provision in a by-law of a mutual benefit society providing that "When a member owes a sum equal to three months dues, he is not in good standing, and is thereby suspended from all benefits in the interim, and will not be again in benefit until three months after all his arrearages are paid in full," is not so oppressive and unreasonable as to be illegal. *pp. 277–279.*

CORPORATIONS.—*Pleading.*—*Presumption.*—Where an association is made defendant in an action, and after the name of the association are added the words "a corporation," and the association by that name filed an answer, and filed a motion for a new trial,

and assigned error, it must be considered a corporation, though there is in the record on appeal no evidence showing a corporate existence. *pp. 279, 280.*

From Allen Circuit Court; *Edward O'Rourke*, Judge.

Action by Elizabeth Dinkle against the United Brotherhood of Carpenters and Joiners of America. From a judgment for plaintiff, defendant appeals. *Reversed.*

*W. C. Ryan* and *C. J. Ryan*, for appellant.
*J. W. Eggeman, Walter Olds* and *N. D. Doughman*, for appellee.

ROBINSON, J.—Overruling appellant's motion for a new trial, sought on the ground that the court's decision was not sustained by sufficient evidence and was contrary to law, is the error assigned.

The agreed facts, as set out in the bill of exceptions, are as follows: Appellee is the widow of John C. Dinkle, who became a member of the appellant organization on June 11, 1900, and continued a member until his death June 29, 1901. Appellant "the United Brotherhood of Carpenters and Joiners of America is an organization consisting of local unions in the United States, and the defendant herein is the supreme authority in said order, and has control of the grand and subordinate unions of the organization." The objects of the organization, as set forth in its constitution, are to discourage piece work, to encourage the apprentice system and a higher standard of skill, to cultivate feelings of friendship among the craft, to assist each member to secure employment, to reduce the hours of daily labor, to secure adequate pay for work, to furnish aid in cases of death or permanent disability, and by legal and proper means to elevate the moral, intellectual, and social conditions of the members, and to improve the trade; that there has been organized in Ft. Wayne, for two years last past, a subordinate union known as Ft. Wayne Union, No. 232, United Brother-

hood of Carpenters and Joiners of America, which is under the control of the appellant; that each subordinate union collects monthly, from each of its members in good standing, an assessment or dues, for the use of the appellant; that the decedent Dinkle was admitted to membership in the Ft. Wayne Union, No. 232, and by such admission he was and became entitled to all of the privileges and benefits of membership in the general organization of the appellant, as provided for in the by-laws and constitution; that the following sections of appellant's constitution relate to the question of benefits recoverable in case of the death of a member: "Section 102.   On the death of a member in benefit, his wife or legal heirs, as named in his application, shall be entitled to the members' funeral benefit as prescribed in the constitution." "Section 95.   The members' funeral benefit shall be $100 on six months' membership, and $200 on one year's membership."   "Section 56.   Monthly dues shall be charged on the books on the first of each month.   A member joining at any other time in the month shall pay in advance a proportionate amount up to the first of the next month." "Section 89.   When a member owes a sum equal to three months' dues, he is not in good standing, and is thereby suspended from all benefits in the interim, and will not again be in benefit until three months after all his arrearages are paid in full."   The monthly dues were fifty cents; that immediately after the death of Dinkle, appellee, who was the beneficiary, furnished appellant with proofs of the death, as required under appellant's laws and constitution; that the following is a statement of assessments and dues made on decedent, the amount paid, and the date of payment, in the order named:   May, 1900, twenty-five cents, April 2, 1900; June, fifty cents, April 2, 1900; July, fifty cents, December 3, 1900; August, fifty cents, January 14, 1901; September, fifty cents, February 11, 1901; October, fifty cents, March 18, 1901;

November, fifty cents, March 25, 1901; December, fifty cents, April 1, 1901; January, 1901, fifty cents, April 29, 1901; February, fifty cents, April 29, 1901; March, fifty cents, May 13, 1901; April, $2, June 24, 1901; May, $2, June 24, 1901; June, $2, June 24, 1901; July, twenty cents, June 24, 1901.

The court found for appellee, and rendered a judgment in her favor for $200.

Appellant's constitution (§56) provides that monthly dues shall be charged on the books on the first of each month. It also provides (§57) that the financial secretary shall not receive the dues of members in the interim between meetings, except that after the last meeting in the month he shall receive dues at his house or office up to and including the last day of the month, entering upon the card of membership the exact dates of payment. The agreed facts state that the monthly dues were fifty cents, and that each subordinate union collected monthly an assessment or dues. From this it must be held that monthly dues and assessments were placed on the books and became due on the first of the month, but that the member had all of that month in which to make the payment, and would not be delinquent as to the amount payable that month until the first of the following month: That is, the decedent was not in arrears for the dues and assessments for April, 1901, until after the expiration of that month— until May 1, following. It certainly could not be said that he was in arrears during the month of April for the April dues and assessments. So that when §89 says that when a member owes a sum equal to three months' dues he is not in good standing, it manifestly means that he is not in good standing when he is in arrears for that sum.

The agreed facts show that the decedent owed $2 for the month of April, 1901, and that this was not paid until June 24. He was therefore in arrears for this amount from the first day of May until it was paid June 24. As

the dues were fifty cents per month, he was in arrears, within the meaning of §89, "in a sum equal to three months' dues." The provision is not that if he owes three months' dues he is in arrears, but that if he owes a sum equal to three months' dues. There is no ambiguity in the language thus used, and we must give to the words used their ordinary meaning. By the provisions of the constitution a member is subject to fines and assessments. The agreed facts state that the monthly dues were fifty cents, and that for the month of April decedent was charged by appellant with $2. The payment of all sums owing by a member for any month is put on the same basis, and a member is delinquent when he is in arrears in a sum equal to three months' dues. On June 24, decedent paid $2 for which he had been in arrears since May 1.

The concluding part of §89 suspends a member from all benefits while in arrears, and provides that he "will not again be in benefit until three months after all his arrearages are paid in full." This provision, it is argued by appellee's counsel, is unreasonable and oppressive, and should be disregarded. It is not asked that this language be given a certain construction, but that it be stricken out of the section and wholly disregarded. Appellee bases her right to the money she sues for upon that provision of appellant's constitution which says that on the "death of a member in benefit" his wife or heirs shall be entitled to the member's funeral benefit, as prescribed in the constitution.

It is quite true that forfeitures are not favored in the law, and that continuing an insurance policy in force and accepting payment of premiums with knowledge of facts, which, by the terms of a condition of the contract, make it voidable, is a waiver of the condition. *Sweetser* v. *Odd Fellows, etc., Assn.,* 117 Ind. 97; *Painter* v. *Industrial Life Assn.,* 131 Ind. 68. While the appellant has some of the features of an insurance company, yet it does not issue any policy of insurance, and goes no further in this partic-

ular than to pay sick or disability benefits and funeral benefits. And this feature of the organization is by no means the principal purpose for which it exists. The right to such benefits is not concurrent with the payment of dues or an assessment at the inception of membership. Appellant's constitution (§§93, 95) provides that each beneficial member will be entitled to benefits "provided he is over six months a contributing or financial member in good standing," and that the member's funeral benefit "shall be $100 on six months' membership, and $200 on one year's membership."

Any promise appellant makes in its organic law to pay its members benefits becomes a contract between appellant and any person becoming and continuing a member, and to the extent that the mutual obligations of appellant and a member constitute a contract the constitution and by-laws of appellant are a part of that contract. The member must know what is required of him when he becomes a member, and so long as he voluntarily continues a member he agrees to comply with such requirements. The organization may have good reasons for imposing fines and penalties upon delinquent members. That is a matter it must determine for itself. It concerns no one outside of the membership whether the enforcement of a certain rule of the organziation will be inexpedient or detrimental to the best interests of the organization. Such fines and penalties imposed by its constitution may seem severe, but so long as they are not illegal nor immoral, nor against public policy, they may be enforced. Within these restrictions the society must determine for itself what rules it thinks will best carry out its purpose.

The enforcement of the rule in question is not a forfeiture of membership. The delinquent member, after arrearages are paid and during the prescribed period, may exercise the privileges of membership, and share in all its advantages except in the matter of benefits. A delinquency

of six months is a forfeiture of membership without a vote of the local union, and such person can be readmitted only as a new member. When decedent paid his arrearages, he must have known that by the terms of his contract he would not be entitled to benefits until the expiration of three months thereafter. Even if it be admitted that the rule is a harsh one, we see no sufficient reason for declaring it unreasonable. And, construing the provisions of the constitution relating to the payment of dues and assessments as it was manifestly intended they should be construed, we do not think it can be said that the rule is oppressive. From the declared purpose of the organization, as above set out, we must conclude that decedent became a member with a number of objects in view, aside from the matter of benefits. If he voluntarily subjected himself to the provisions of what might seem to be a harsh rule concerning the payment of these benefits, we see no more reason for relieving him from its operation than there would be for relieving him from a hard bargain which had been fairly and voluntarily entered into. No unfair advantage was taken; no fraud was practiced. A contractual relation existed between appellant and decedent, and the provision in question entered into that relation. And, as the provision is neither illegal, nor immoral, nor against public policy, we see no sufficient reason for declaring it inoperative.

Nor do we think it material, in this case, whether appellant is an incorporated or an unincorporated society. Appellant was sued as a corporation, the complaint stating that appellee "complains of the defendant United Brotherhood of Carpenters and Joiners of America, a corporation." By that name appellant answered the complaint by general denial, filed a motion for a new trial, and has assigned error. There is no evidence in the bill of exceptions that appellant is a corporation, and counsel argue that for the purpose of this case it must be considered an unincorpor-

ated society. However, upon the authority of *Adams Express Co.* v. *Hill,* 43 Ind. 157, it must be held that appellant is a corporation. Appellant does not deny the membership of the decedent, but it is argued that whether appellant is an incorporated or unincorporated society becomes important in determining the reasonableness or unreasonableness of the section of the constitution or by-laws; citing *Kennedy* v. *Carpenters Local Union,* 78 N. Y. Supp. 85. But in so far as the payment of these benefits makes appellant a mutual benefit society, the application for membership, the constitution and by-laws, and the certificate of membership constitute a contract between the member and the society. *Bauer* v. *Samson Lodge,* 102 Ind. 262; *Holland* v. *Taylor,* 111 Ind. 121; *Supreme Lodge* v. *Knight,* 117 Ind. 489, 3 L. R. A. 409. In such a case we see no sufficient reason for saying that an unreasonable provision in the constitution of an incorporated society will not be enforced while the same provision in an unincorporated society will be enforced. However, as we have concluded that the provision in question is not of such a character that it must be declared a nullity, the above distinction becomes unimportant.

As before stated, we are not asked to construe this particular provision, but we are asked to strike the provision from appellant's constitution. It must be conceded that appellant has the right to impose fines and penalties for failure to pay dues and assessments promptly, and that it may expel delinquent members. Membership in appellant carries with it the member's assent to these provisions. Within certain restrictions, before mentioned, appellant must determine for itself what rules and regulations will best promote the purposes for which it was organized. It has done so. The provision in question is plain, it needs no construction, and there is nothing in it which authorizes us to say that it is null and void.

Judgment reversed, and a new trial ordered.