Coös,
Dec. 2, 1913.

KATHERINE McGILLON, *Adm'x, v.* UNITED BROTHERHOOD OF CARPENTERS AND JOINERS OF AMERICA.

ASSUMPSIT.	Trial at the December term, 1912, of the superior court before *Chamberlin,* J.	On the facts hereinafter stated, the court ruled that the defendant was not liable and ordered a verdict in its favor, and the plaintiff excepted.

The plaintiff seeks to recover a death benefit from the defendant association of which her intestate was a member.	April 17, 1911, the intestate paid the defendant two dollars in full for the dues charged against him for the months of January, February, March, and April.	He died in the following June.	The by-laws of the association provide: "Monthly dues shall be charged on the books on the first of each month, but a member does not fall in arrears until the end of the month.	.	.	.	When a member owes a sum equal to three months' dues, he is not in good standing and is thereby suspended from all benefits in the interim, and will not again be in benefit until three months after all his arrearages have been paid in full, including the current month."

*Matthew J. Ryan* and *Goss & James,* for the plaintiff.

*Sullivan & Daley,* for the defendant.

*Per Curiam.*	The contention of the plaintiff is that the deceased was in good standing in the defendant association on April 17, 1911, when he paid the dues charged against him for the months of January, February, March, and April, and that his estate is entitled to the benefit of $200 which it would have been entitled to if his

dues had been promptly paid. The question, in short, is whether when he made his last payment he owed the defendant "a sum equal to three months' dues." The case shows that there were then charged against him dues for four months which up to that time he had not paid. Was he owing the defendant, within the meaning of its by-laws, for three months' dues?

It is urged by the plaintiff that he was not owing for the dues charged January 1 until February 1, because he was not in arrears for them until that date; that the arrearage period did not begin until February 1; that when the dues were paid in April, the January dues had been in arrears for only two months and seventeen days, that is, during the months of February, March, and a part of April; and hence that he was owing for only about two months and one half when he made the last payment. But a construction of the contract leading to that result would do manifest violence to the language used to express the parties' intention. If when the dues were charged the member was not owing for them until the first of the next month, it is clear that on April 17 the intestate was owing for the dues charged January 1, February 1, and March 1, "a sum equal to three months' dues."

Although the deceased paid all his dues in April, he could not be again "in benefit until three months after all his arrearages" were paid. This provision may seem to be a harsh one, but it is what he agreed to. He was bound by it, and his estate is in no better position in this respect. He died before the time elapsed when he might have been entitled to the stipulated benefit. The plaintiff therefore cannot recover.

*Exception overruled.*