No. 15,199.

UNITED BROTHERHOOD OF CARPENTERS AND JOINERS v. SMITH.

(129 P. [2d] 909)

Decided September 28, 1942.

48

Mr. WAYNE C. WILLIAMS, Mr. WAYNE D. WILLIAMS, for plaintiff in error.

Messrs. STRACHAN & HORN, for defendant in error.

*En Banc.*

MR. JUSTICE KNOUS delivered the opinion of the court.

DEFENDANT in error, the widow of one David Smith, instituted this action in a justice of peace court to recover a funeral donation or benefit from plaintiff in error association allegedly due her by virtue of the membership of her deceased husband in the association. The widow was successful in the justice of peace court and judgment in her favor again was rendered by the county court on appeal thereto by the association, which here seeks a reversal of the judgment.

The sole question for determination is whether, under the facts, which are not in dispute, recovery is precluded by the general laws of the association. The association is a nation-wide voluntary organization of numerous local labor unions and their members. The members are charged dues, a proportion of which is used as a fund "for the general management of the United Brotherhood and payment of all death and disability donations prescribed" by its constitution and laws. By section 44(B), such "Monthly dues shall be charged on the books on the first of each month, but a member does not fall in arrears until the end of the month in which he owes a sum equal to three months' dues." Section 48(A) provides: "On the death of a member in good

standing, his wife or legal heirs, as named on his application, shall be entitled to the member's funeral donation as prescribed in the Constitution and Laws of the United Brotherhood." Such donation in the case at bar, if recoverable, is fixed at $300 by section 49(C). Sections 45(A) and 49(B) respectively provide: Section 45(A) "When a member owes a sum equal to three months' dues, he is not in good standing and is thereby suspended from all donations and will not again be entitled to donations until three months from the date he has paid said arrearages, which payment must include the payment of dues for the month in which said payment is made." Section 49(B). "A beneficial member will be entitled to the donations as prescribed in the Constitution and Laws of the United Brotherhood; provided, he is over one year a contributing or financial member in good standing, and when three months in arrears he shall be debarred from all donations until three months after all arrearages are paid in full, including the current month." The parties make no distinction between the rules applying to death and disability donations and we assume the payment of both are controlled by the provisions of the association laws included in the transcript.

Mr. Smith, the decedent, who for more than twenty years had been a member of the association, paid dues for March, 1940, but did not pay his April, May or June, 1940, dues in any of those months; but subsequently, and on July 16, 1940, he paid up these back dues and those for July as well. He died August 11, 1940. Counsel for the widow contend that having paid his dues, back and current, in July, the deceased husband at the time of his death in August did not owe "a sum equal to three months' dues" and, hence, under section 44(B) was not in arrears, but in good standing, and that this language and a similar expression in section 49(B) are so inconsistent with the penalty provisions of sections 45(A) and 49(B) as to make all these sections ambigu-

ous and uncertain in effect as to this controversy and that, conformable to the universal rule in such situations, the issue should be resolved against the association as the drafter of the doubtful provisions. The county court followed this reasoning.

The association asserts that under its laws Smith became in arrears on June 30th for the nonpayment of dues for April, May and June, and that not having paid this arrearage until July 16, under sections 45(A) and 49(B) it could not be held liable for the payment of any donation on his account for the period of three months thereafter or until October 15, and his death having occurred prior to the expiration of this period, the widow is not entitled to the funeral donation.

■■ Notwithstanding the sympathetic appeal arising from the long history of membership in, and contribution to, the association by the deceased, we are satisfied that the construction for which counsel for the widow contend would do violence to the plain import of the language of the sections involved. By section 48(A), upon which the widow's claim is based, payment of the death donation is made subject to the conditions of all the laws of the association and so, as well as under the ordinary rules of interpretation, all applicable provisions thereof must be construed together to ascertain the result intended. Under any or all of the pertinent sections, it is certain, as the widow concedes, that her husband was in arrears and not in good standing on June 30, 1940. Although he paid up his delinquencies on July 16, he was barred by the clear and unequivocal language of sections 45(A) and 49(B) from receiving any donations until three months after the April, May and June arrearages were paid; consequently no legal liability on the part of the association for donations on his account could have accrued until October 16, the date of the expiration of the three months period following July 16, when the original three months' arrearages were paid. Mr. Smith's death occurred in August while this

state of disqualification attained, and under the association's law a recovery by the widow is precluded by the disabilities attendant on the June 30 default and July 16 payment and not by the status of her husband with respect to his not being in arrears with his dues in August. The several provisions of the association's laws defining when a member is in arrears, and prescribing the penalty therefor, relate to two distinct situations and, hence, in no way are repugnant. In the case of *McGilion v. United Brotherhood,* 77 N. H., 590, 89 Atl. 301, wherein under generally similar circumstances the conclusion we have reached was expressed, the opinion states concerning the three months' penalty clause: "This provision may seem to be a harsh one, but it is what he agreed to. He was bound by it, and his estate is in no better position in this respect. He died before the time elapsed when he might have been entitled to the stipulated benefit. The plaintiff therefore cannot recover."

The judgment is reversed.

MR. JUSTICE BAKKE and MR. JUSTICE BURKE not participating.