## UNITED BROTHERHOOD OF CARPENTERS AND JOINERS OF AMERICA v. McLAIN.

### No. 343.

Municipal Court of Appeals for the District of Columbia.

April 4, 1946.

James A. Glenn, of Washington, D. C. (Joseph A. Padway, of Washington, D. C., on the brief), for appellant.

Maurice Friedman, of Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD, Associate Judge.

HOOD, Associate Judge.

Earl McLain was a member of the United Brotherhood of Carpenters and Joiners of America, a labor union, and after his death action was brought by his son to recover from the Brotherhood a funeral donation or benefit of $300. From a judgment against the Brotherhood, it has appealed.

It is conceded by the Brotherhood that the amount claimed is payable, unless the right to the donation was lost by decedent's failure to pay his monthly dues within the time fixed therefor by the Constitution and Laws of the Brotherhood.

The decedent did not pay his monthly dues of $2 during the months of April, May and June of 1944. On July 11, 1944, he paid his dues for July and the three preceding months. He died on July 27, 1944. The question presented is whether he or his family was entitled to a funeral donation at the time of his death. The answer to the question depends upon the following sections of the Constitution and Laws:

Section 44–B. "Monthly dues shall be charged on the books on the first of each month, but a member does not fall in arrears until the end of the month in which he owes a sum equal to three months' dues."

Section 45–A. "When a member owes a sum equal to three months' dues, he is not in good standing and is thereby suspended from all donations and will not again be entitled to donations until three months from the date he has paid said arrearages, which payment must include the payment of dues for the month in which said payment is made. A member in arrears must square all arrearages in full within one year or stand suspended."

Section 49–B. "A beneficial member will be entitled to the donations as prescribed in the Constitution and Laws of the United Brotherhood; provided, he is over one year a contributing or financial member in good standing, and when three months in arrears he shall be debarred from all donations until three months after all arrearages are paid in full, including the current month."

 Section 44–B, under the heading "Finances and Dues," provides that monthly dues are chargeable on the first of the month, i. e., they are set up as accounts receivable at the beginning of the month. The member has the entire month in which to pay his dues, but the dues are nevertheless "owed" from the first of the month. One may owe a debt without being bound to make immediate payment. McDuffie v. Lynchburg Shoe Co., 178 Ala. 268, 59 So. 567; United States v. State Bank, 6 Pet. 29, 8 L.Ed. 308. The member would not be

delinquent, i.e., his dues would not be past due, until the first of the following month; but his dues would be owing throughout the month and would be due and payable not later than midnight of the last day of the current month.

■ The distinction between owing, payable and past due appears in ordinary commercial transactions. One who borrows money or buys goods immediately owes the sum borrowed or the price of the goods, but the debt is not payable until the day arrives which has been agreed upon as the date for payment. If not paid on that date the debt is overdue or past due.

From what has been said it follows that the decedent owed dues for three months (April, May and June) on the first day of June, and at the end of June (midnight of June 30 or the first day of July) he was in arrears.

■ The effect of being in arrears is prescribed by Section 45-A, under the heading "Members in Arrears." This section provides that one in arrears is not in good standing and is suspended from "all donations" until three months from the date he pays his arrearage and the current month's dues. The effect of being in a state of arrearage is restated in Section 49-B, dealing specifically with funeral donations, wherein it is provided that when "three months in arrears" the member is debarred from all donations until three months after all arrearages are paid in full, including the current month. It is evident that "three months in arrears" means in arrears for three months' dues, for this is the only construction which will harmonize Section 49-B with Sections 44-B and 45-A. It is not to be assumed that one section was intended to contradict the terms of another, and the various sections should be construed in harmony with one another, if it can be done reasonably, in order to avoid repugnancy between the several sections. Yarborough v. Atlantic Life Ins. Co., 4 Cir., 84 F.2d 319.

In short, our conclusion is that the laws of the Brotherhood, read as a whole, provide that monthly dues are owing from the first of the month but may be paid any time within the month; that a member falls in arrears at the end of the month in which he owes a sum equal to three months' dues; that when in arrears he is not in good standing and is not entitled to donations; that by paying the arrearage and current month's dues he may regain his right to donations three months from the date of such payment.

■ Being in arrears on July 1st, the member could regain his right to donations three months from the time he paid his arrearage and the July dues. He made payment July 11th but his death occurred before the lapse of the three months' period, and therefore at the time of his death he was not entitled to the funeral donation.[1]

■ Appellant relies on certain insurance cases holding that forfeitures are not favored in law and that forfeiture may be waived by acceptance and receipt of arrears. But the Brotherhood is not an insurance company; it is a labor union and the benefit features of its membership are merely incidental to its primary purpose. A policyholder in an insurance company and a member of the labor union do not stand in analogous positions.

■ It is argued that the provisions are harsh if decedent's family is thereby deprived of the funeral donation. Whether harsh or otherwise is not for us to decide. When the member joined the union he accepted and was bound by the provisions of its Constitution and Laws unless they were illegal, and no claim of illegality is made. It is our duty to ascertain the intent and purpose of the various sections and give effect thereto.

Reversed.

---

[1] United Brotherhood of Carpenters and Joiners of America v. Smith, 110 Colo. 47, 129 P.2d 909; McGillon v. United Brotherhood of Carpenters & Joiners of America, 77 N.H. 590, 89 A. 301; United Brotherhood of Carpenters & Joiners of America v. Dinkle, 32 Ind.App. 273, 69 N.E. 707.