John F. ENGLISH et al., Appellants,

v.

John CUNNINGHAM et al., Appellees.

No. 15685.

United States Court of Appeals
District of Columbia Circuit.

Argued May 9, 1960.

Decided July 21, 1960.

See also 106 U.S.App.D.C. 70, 269 F. 2d 517; 106 U.S.App.D.C. 92, 269 F.2d 539.

Messrs. Edward Bennett Williams and Raymond W. Bergan, Washington, D. C., and David Previant, Milwaukee, Wis., were on the pleadings for appellants.

Mr. Martin F. O'Donoghue, Washington, D. C., was on the pleadings for Board of Monitors.

No appearance was entered on behalf of appellees Cunningham and others.

Before EDGERTON, WILBUR K. MILLER, and FAHY, Circuit Judges.

FAHY, Circuit Judge.

This appeal is from an order of the District Court of March 22, 1960, construing one of the "Proposed Temporary Rules Governing the Conduct of Autonomous Local Union Nomination Meetings and Elections of Officers" [1] adopted by some of the local unions of the Teamsters [2] on recommendation of the Board of Monitors and of the Teamsters. Section 4(a) of the Rules provides,

"Every member whose dues are paid-up through the month in which the nomination or election is held shall have the right to nominate, vote for, or otherwise support the candidate of his choice. No member whose dues have been withheld by his employer for payment to the local union pursuant to his voluntary authorization provided for in a

collective bargaining agreement shall be declared ineligible to nominate, vote for, or be a candidate for office in the local union, by reason of an alleged delay or default in the payment of dues by his employer to the local union."

Pertinent to the questions presented is Section 4(b) (2) of the same Rules, reading as follows:

"Any member who is ruled ineligible to run for office by the local union shall appeal within forty-eight (48) hours to the General President, who shall decide such an appeal within four (4) days. The General President shall notify the Board of Monitors of all appeals, and the Board shall make recommendations to the General President concerning them. The decision of the General President, under this paragraph, shall not be stayed pending appeal."

Questions were raised as to the application of Rule 4(a) with respect to the eligibility to run for office of Herman N. Giles of Local 515, Chattanooga, Tennessee, Hubert C. Williams of Local 549, Kingsport, Tennessee, and Ivan McFarland of Local 790, Marshalltown, Iowa. The questions came before the District Court on an Interim Report of the Board of Monitors filed January 9, 1960. The Report set forth the rulings of ineligibility made by General President Hoffa in each of the three cases, and the disagreement of the Board with these rulings. The Board requested the District Court to reverse the General President's rulings and this the court did in the order now on appeal.

In the cases of Giles and Williams the problem may be stated to be whether, in the absence of an actual withholding or "checkoff" of dues by an employer during a particular month because the employee has no earnings for that month, the employee himself, in

1. Hereinafter referred to as the Rules.

2. We continue to use the expression "Teamsters" to refer to the International-

al. See English v. Cunningham, 106 U.S. App.D.C. 70, 269 F.2d 517, certiorari denied 361 U.S. 897, 905, 80 S.Ct. 187, 4 L.Ed.2d 153, 181.

order to retain eligibility status, must see that the dues are paid during that particular month, as the General President ruled, or whether, as the Board of Monitors contend, and the District Court held, eligibility is protected if "the dues are withheld by the employer and paid to and accepted by the local union during the effective life of the current wage assignment."

The problem takes on significance apart from this litigation in view of the fact that section 401(e) of the Labor-Management Reporting and Disclosure Act of 1959 contains language which is similar to that contained in section 4(a) of the Rules here in question.[3] An administrative interpretation of section 401(e) by the Secretary of Labor, under the procedures of the Act of 1959, would be helpful in this area of possible conflict between the interest of a union member in his eligibility status and the interest of the labor organization in the regularity and promptness of dues payments. At the instance of Judges Edgerton and Fahy the Clerk of this Court requested counsel for appellants and the Board of Monitors to advise as to the possibility of administrative interpretation by the Secretary of Labor. From the responses it appears that the cases involved in this appeal cannot at present or in the reasonably foreseeable future be brought within the jurisdiction of the Secretary of Labor and that no other similar cases are presently pending before him for decision. In these circumstances we no longer withhold our decision.

■ We deem applicable the principle that courts will accept the correctness of an interpretation fairly placed on union rules by the union's authorized officials. Weinstock v. Ladisky, 1950, 197 Misc. 859, 98 N.Y.S.2d 85; Louisville & N. R.

R. v. Miller, 1941, 219 Ind. 389, 38 N.E.2d 239, 142 A.L.R. 1050. And see Communications Workers of America, CIO v. N. L. R. B., 2 Cir., 1954, 215 F.2d 835. We accordingly accept the interpretation made by the General President under authority delegated to him by the Rules. Section 4(a) of the Rules protects the member "whose dues have been withheld by his employer" but whose employer defaults or delays in turning over to the union the dues the employer has withheld. It is reasonable to interpret this provision as not applicable when the employer has not withheld the dues and so has not delayed or defaulted in remitting them to the union. In the cases of Giles and Williams the employer did not delay or default; the dues were not withheld by the employer at the usual time since there were no wages then available from which to do so. Therefore, it is reasonable to say that section 4(a), designed to protect the employee from default or delay on the part of the employer, does not apply. We therefore uphold the General President in the cases of Giles and Williams.

■ We agree with the District Court, however, in holding McFarland to be eligible to run for office. During the months in which his dues were not paid he was working under a collective bargaining agreement with a voluntary checkoff provision and was receiving wages. Failure of the employer to check off his dues was the result of an error made by the union itself in not putting McFarland back on the checkoff list after he had been ill. He subsequently paid his dues for the months that were missed. He may not validly be held ineligible under section 4(a) when the default was that of the union itself.

Affirmed in part, reversed in part.

---

3. Section 401(e) of the Labor-Management Reporting and Disclosure Act provides in pertinent part as follows:
   "No member whose dues have been withheld by his employer for payment to such organization pursuant to his volun- tary authorization provided for in a collective bargaining agreement shall be declared ineligible to vote or be a candidate for office in such organization by reason of alleged delay or default in the payment of dues." 29 U.S.C.A. § 481(e).