**GLAZIERS' LOCAL UNION NO. 963 OF BROTHERHOOD OF PAINTERS, DECORATORS AND PAPERHANGERS OF AMERICA, Appellant,**

v.

**Hester F. RAWLEY, Appellee.**

**No. 4345.**

District of Columbia Court of Appeals.

Argued Oct. 14, 1968.

Decided Nov. 29, 1968.

Alexander W. Sierck, Washington, for appellee, Donald H. Green and Joel Elihu Hoffman, Washington, D. C., were on the brief.

Before HOOD, Chief Judge, and KELLY and FICKLING, Associate Judges.

FICKLING, Associate Judge.

Appellant union [1] is the local affiliate of The Brotherhood of Painters, Decorators and Paperhangers of America.[2] Elmer C. Reeves was a member in good standing of both organizations at the time of his death and was survived by three children who paid his funeral expenses and who received $500 in death benefits from the Local.

Appellee, a friend of the decedent, was the named beneficiary of the death benefits of the Brotherhood, which she received, and she then brought this action against the Local to recover their death benefits in the sum of $500. From a judgment in favor of appellee, the Local appeals.

The Constitution of the Local provides for the payment of $500 as death benefits [3] but makes no provision for a member to designate a beneficiary as does the Brotherhood's Constitution. During the trial appellee introduced into evidence a letter [4] she received from the business representative of the Local concerning the payment of death benefits.

The trial court relied upon this letter in granting judgment for the appellee [5] and

Bradley G. McDonald, Washington, D. C., with whom Warren Woods, Washington, D. C., was on the brief, for appellant.

1. Hereinafter referred to as the Local.

2. Hereinafter referred to as the Brotherhood.

3. Article XVIII, Section 7(e). Five hundred dollars ($500.00) to be paid on proof of death.
 Section 9(a). This fund shall not be used for any purpose except sick or death benefits.

4. The pertinent portion states:
 "Dear Miss Rawley:
 * * *
 Due to the fact that Local 963 did not have any knowledge that Elmer C. Reeves had made you his beneficiary, the $500.00 Death Benefit from Local Union 963 was disbursed to his three remaining children on December 4, 1963, as per our Constitution, Sec. 111(6), to help pay the funeral expenses.
 * * *
 Very truly yours,
 Peter Toggas
 Business Representative"

5. The trial court's written opinion stated:
 "* * *
 Were the only fact in evidence that the *Local* had paid the three children, this Court might be disposed towards a finding that the benefits were properly distributed. The Constitution and By-Laws

held that the letter was an admission that the Local intended to pay the death benefits in accordance with the Brotherhood's Constitution, which permitted the designation of a beneficiary.

The Local's Constitution and by-laws are silent as to any officer or committee empowered to settle questions of interpretation. However, Article XXXI, Section 1, of that document states that those questions not provided for shall be decided by the Brotherhood's Constitution. Section 63 (a) of the latter authorizes the General Executive Board of the Brotherhood to decide "all points of law arising under the jurisdiction of the Brotherhood." This authority is delegated under Section 44(a) to the General President, subject to the approval of the General Executive Board.

 It is a generally accepted principle that the construction of these documents is a matter for the union, and the courts will accept the correctness of an interpreta-

tion of union rules by those union officials *authorized* to make such interpretations. English v. Cunningham, 108 U.S.App.D.C. 365, 282 F.2d 848 (1960). Here, the business representative was not an *official* of the union [6] and was not authorized to interpret the rules of the Local. Therefore, *the trial court erred in giving judgment to* appellee based upon the letter from the business representative.

The Local's Constitution [7] incorporates Section 2 of the Brotherhood's Constitution, which states that one of its objectives is to raise funds for the benefit of the families of deceased members who were members in good standing at the time of their death.[8] The Local's Constitution [9] was obviously intended to meet that objective. Therefore, payment of death benefits to the children of the decedent was in accord with the Local's Constitution and by-laws.

Reversed with instructions to enter judgment for appellant.

---

being vague, the *Local* can, within reason, determine its own interpretation. *And certainly the result would be satisfactory in this case, as it was the children who paid for the funeral. Such a result would be more in line with the philosophy of death benefits.* (Emphasis supplied.)

"Unfortunately, this Court cannot under the additional evidence and testimony of this case arrive at this result. First, there is the letter dated January 8, 1964 from the *Local* to Hester F. Rawley, in which it is admitted that the death benefits were paid to the children because the *Local* did not *know* that there was a designated beneficiary, and, even more damaging, that the benefits were paid 'as per our Constitution, Sec. 111(6).' (There is no such Section in the Constitution of either the *Brotherhood* or the *Local*. However, the applicable sections of the *Brotherhood* Constitution under which such payments would have been made are 111(b) and (c). The Court concludes, therefore, that '111(6)' is a clerical mistake, and intends to refer to

111(b) and/or (c) of the *Brotherhood* Constitution.) Thus, in effect, the *Local* admits that it intended to follow the terms of the *Brotherhood* Constitution, and only paid the children by mistake.
 \* \* \* "

6. The Brotherhood's Constitution provides:
 Section 166. (a) The officers of a local union or district council shall be a President, Vice-President, Recording Secretary, Financial Secretary, Treasurer, Conductor, Warden and at least three Trustees.
 (c) Business Representatives \* \* \* shall not be considered officers, \* \* \*

7. Article IV Objects
 The objects of Local Union 963 shall be as set forth in the Preamble and in Section 2 of the Brotherhood Constitution.

8. Cf. United Brotherhood of Carpenters and Joiners of America v. McLain, D.C. App., 46 A.2d 373 (1946).

9. Article XVIII, Section 7(e), supra note 3.