LOCAL 334, UNITED ASSOCIATION OF JOURNEYMEN AND APPRENTICES OF the PLUMBING AND PIPE FITTING INDUSTRY OF the UNITED STATES AND CANADA, an unincorporated association, United Association, Local 49, United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry of the United States and Canada, United Association, Locals 523, 124, and 84, United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry of the United States and Canada, Intervenors,

v.

UNITED ASSOCIATION OF JOURNEYMEN AND APPRENTICES OF the PLUMBING AND PIPE FITTING INDUSTRY OF the UNITED STATES AND CANADA, AFL–CIO United Association, Local 14 and United Association, Local 274, Local 334, United Association of Journeymen and Apprentices of the Plumbing and Pipe Fitting Industry of the United States and Canada, Appellant.

No. 79–2407.

United States Court of Appeals, Third Circuit.

Submitted on Remand Under Third Circuit Rule 12(6) Jan. 15, 1982.

Decided Jan. 19, 1982.

James R. Zazzali, Francis J. Vernoia, Zazzali & Kroll, P.A., Newark, N.J., for appellant Local 334.

Donald J. Capuano, Robert Matisoff, O'Donoghue & O'Donoghue, Washington, D.C. and Richard C. Cooper, Robert S. Scavone, McCarter & English, Newark, N.J., for appellee United Association.

Timothy R. Hott, Hott, Goodman, Kropf, Margolis & Hernandez, Jersey City, N.J., for Locals 274 & 14.

Albert S. Parsonnet, Parsonnet, Duggan & Pykon, Newark, N.J., for Plumbers Local 49.

Before ADAMS, VAN DUSEN and HIGGINBOTHAM, Circuit Judges.

## OPINION OF THE COURT

VAN DUSEN, Senior Circuit Judge.

This is an appeal from the August 20, 1979, order of the district court, dismissing plaintiff Local 334's suit challenging its consolidation with neighboring local unions for failure to exhaust its internal union remedies and, in the alternative, granting summary judgment to the defendant United Association on the issue of whether the challenged consolidation violated the union constitution. In a prior opinion, we held that the district court lacked subject matter jurisdiction, vacated the judgment, and directed that the case be remanded to the state court.[1] *Local 334, etc. v. United Ass'n of Journeymen, etc.*, 628 F.2d 812 (3d Cir. 1980). The Supreme Court reversed, 452 U.S. 615, 101 S.Ct. 2546, 69 L.Ed.2d 280 (1981), and the case is now here on remand for consideration of the above-mentioned issues. Because we agree that there was no genuine issue of material fact in dispute and that the defendant United Association's interpretation of its own constitution was not patently unreasonable and thus entitled to deference, we will affirm.

## I.

The facts underlying this appeal are set forth in our earlier opinion and need not be repeated here. *See* 628 F.2d at 813–14. It is enough to say that the plaintiff Local 334, a "combination" local union consisting of both plumbers and pipefitters, contends that the defendant United Association, its "parent" international union, was without authority under the union constitution to order the consolidation of Local 334's members with those of other locals into two new "straight-line" locals—one consisting solely of plumbers and the other solely of pipefitters. It argues that the United Association's failure to comply with the constitution amounts to a breach of contract. The United Association maintains that its action is fully authorized by the union constitution and proper in all respects.

## II.

There are two fundamental principles of law applicable here and they are not in dispute. The first is that summary judgment is appropriate only where "there is no

---

1. The suit was originally filed in the New Jersey state court and then removed by the defendant United Association to the federal district court.

genuine issue as to any material fact and [where] the moving party is entitled to judgment as a matter of law." Fed.R. Civ.P. 56(c). The other is that

"[c]ourts are reluctant to substitute their judgment for that of union officials in the interpretation of the union's constitution, and will interfere only where the official's interpretation is not fair or reasonable."

*Stelling v. Intern. Broth. of Elec. Workers, etc.*, 587 F.2d 1379, 1388 (9th Cir. 1978), *cert. denied*, 442 U.S. 944, 99 S.Ct. 2890, 61 L.Ed.2d 315 (1979), *quoting Vestal v. Hoffa*, 451 F.2d 706, 709 (6th Cir. 1971), *cert. denied*, 406 U.S. 934, 92 S.Ct. 1768, 32 L.Ed.2d 135 (1972). *Accord, Lewis v. American Fed. of State, County & Mun. Emp.*, 407 F.2d 1185, 1192 (3d Cir.), *cert. denied*, 396 U.S. 866, 90 S.Ct. 145, 24 L.Ed.2d 120 (1969); *English v. Cunningham*, 282 F.2d 848, 850 (D.C.Cir.1960).

Although cast in several different forms, Local 334 makes two principal arguments:[2] (1) the United Association's interpretation of the constitution is unreasonable, and (2) the very issue of reasonableness is a fact question making summary judgment inappropriate. Taking the latter contention first, we note that there is no dispute as to what the literal provisions of the constitution are.[3] The dispute is over the proper interpretation of these provisions and the various historical facts purportedly underlying the differing interpretations. If the issue before the court were the ultimately correct interpretation of the constitution, then we might agree with Local 334 that summary judgment was inappropriate. But that is not the case. The sole issue before the district court was whether the United Association's interpretation was "patently unreasonable." *Stelling v. Intern. Broth. of Elec. Workers, Etc., supra*, 587 F.2d at 1389.[4] Thus, while all of the disputed issues of fact proffered by Local 334 in its initial brief may have been "material" to a determination of whether the United Association's interpretation was ultimately correct, their resolution was not necessary to a determination of whether that interpretation was patently unreasonable. Clearly, then, the case was in a posture where summary judgment was appropriate—the only remaining material issue was the purely legal question of patent unreasonableness. This conclusion is in complete accord with that of the court in *Stelling*, which explicitly affirmed the district court's entry of summary judgment on just this issue. *See* 587 F.2d at 1389.

2. It is sufficient for us to note that we disagree with the district court's conclusion that Local 334 failed to exhaust its intra-union remedies. The record shows that, unlike other decisions of the General President of the United Association which can be appealed to the General Executive Board, a consolidation order, which is approved in advance by the Board, can only be appealed to the membership at the next national convention. In this case, that would have involved a delay of several years which we hold would not provide the "reasonably prompt" relief required for us to demand exhaustion of the remedy. *Cf. Ornellas v. Oakley*, 618 F.2d 1351, 1354 (9th Cir. 1980); 29 U.S.C. § 411(a)(4) (1976). To the extent that there is some other remedy, the negative responses of the President and Board to the Local's previous attempts to appeal and to secure review by a special convention clearly show that further efforts would be futile. *See Semancik v. United Mine Workers of America Dist. # 5*, 466 F.2d 144, 151 (3d Cir. 1972). We note that the next regularly scheduled national convention will not be held until 1986.

Also, we note that the Supreme Court's recent decision in *Clayton v. UAW*, 451 U.S. 679, 101 S.Ct. 2088, 68 L.Ed.2d 538 (1981), relied upon by the United Association in its supplemental brief, reaffirmed the vitality of the exhaustion doctrine in cases of internal union disputes such as this one, but dealt with precisely the opposite sort of issue—an employer-employee dispute—and thus did not concern itself with the question of when a failure to exhaust is excused by the futility of the remedy.

3. *See* N.T. at 4 ("Mr. Craner [counsel for Local 334]: What is in dispute are the meanings to be given to the undisputed facts as contained in the convention minutes and the constitution.").

4. The *Stelling* court went on to observe that "[t]he proper inquiry has been described as 'whether there was arguable authority for the officer's act from the officer's viewpoint at the time, not from a court's more sophisticated hindsight.'" 587 F.2d at 1389 n.10, *quoting* Leslie, *Federal Courts and Union Fiduciaries*, 76 Colum.L.Rev. 1314, 1319 (1976).

Turning to this question, we cannot say that the district court erred in holding that the United Association's interpretation was not patently unreasonable.

Local 334 claims that § 3 of the Association constitution permits the United Association to charter three types of local unions and, by implication, prohibits the chartering of all others. Section 3 provides in pertinent part:

"The United Association shall charter three types of Local Unions: Building and Construction Trades Local Unions, Metal Trades Local Unions, and Combination Local Unions."

United Association Constitution § 3, ¶ 2, at 6 (1976), *reprinted at* 18a. Local 334 thus maintains that the United Association is powerless to charter a "straight-line" local union, as it did here, since plumbing and pipefitting constitute a single "trade" within the "Building and Construction Trades" field.

The United Association, on the other hand, maintains that § 86 of the constitution gives it the power to effect the consolidation at issue here. Section 86 provides:

"Whenever, in the judgment of the General President, it is apparent that there is a superfluous number of Local Unions in any locality, and that a consolidation would be for the best interest of the United Association, locally or at large, he shall have the power to order Local Unions to consolidate and to enforce the consolidation of said Local Unions, or said territory in one or more Local Unions, provided such course received the sanction of the General Executive Board."[5]

United Association Constitution § 86, at 44 (1976), *reprinted at* 28a. It further contends that § 3 merely provides for three broad categories of locals and does not prohibit the chartering of "straight-line" locals within each category.

Local 334 and the United Association both rely heavily upon, and dispute the other's interpretation of, the history of straight-line locals and General Convention minutes concerning them. Both sides make valid points on this score.

Although there is some substance to Local 334's position, its argument is not so inescapable as to make the United Association's position "patently unreasonable." Further, although neither of the parties rely upon this provision, our reading of the constitution discloses that § 153(b) explicitly refers to "straight-line local unions."[6] On the face of it, if the constitution discusses "straight-line" locals, we must assume that there is some authority for creating them. Consequently, the argument that the United Association's interpretation of the constitution is patently unreasonable because the constitution nowhere provides for straight-line locals loses much of its force. It therefore appearing that the United Association's interpretation of its constitution was not patently unreasonable, federal labor policy, as articulated in *Stelling, English,* and this court's opinion in *Lewis,* cautions that the courts not intervene in the internal affairs of the union.

### III.

For the foregoing reasons, the order of the district court granting summary judgment to the United Association will be affirmed.

Costs will be paid by the appellant.

---

**5.** It is conceded that there was compliance with the requirement that the consolidation order be sanctioned by the General Executive Board.

**6.** The last sentence of § 153(b), which deals with changes in a member's trade classification, provides: *"Straight line Local Unions* can certify as to qualification for trade classification change in their trade only." United Association Constitution § 153(b), at 75 (1976), *reprinted at* 35a (emphasis added).