**LOCAL 90, UNITED ASSOCIATION OF JOURNEYMEN AND APPRENTICES OF the PLUMBING AND PIPE FITTING INDUSTRY OF the UNITED STATES AND CANADA, Plaintiff,**

v.

**UNITED ASSOCIATION OF JOURNEYMEN AND APPRENTICES OF the PLUMBING AND PIPE FITTING INDUSTRY OF the UNITED STATES AND CANADA, Defendant.**

Civ. No. 88–0141.

United States District Court, M.D. Pennsylvania.

Feb. 17, 1988.

Opinion on Motion for Injunction Pending Appeal March 14, 1988.

Aaron M. Matte, Allentown, Pa., for plaintiff.

Brian Powers and Jim O'Connell, O'Donoghue & O'Donoghue, Washington, D.C., for defendant.

### ORDER

CONABOY, District Judge.

Because the Plaintiff herein filed a complaint on January 28, 1988, seeking to "Enjoin Merger Pending Appeal"; and

Because this action was aimed at preventing consolidation of Locals 90 and 254, of the United Association of Journeymen and Apprentices of the Plumbing and Pipe Fitting Industry of the United States and Canada, as ordered by the General President of the United Association of Journeymen and Apprentices of the Plumbing and Pipe Fitting Industry of the United States and Canada on January 12, 1988; and

Because this Court entered an Order on January 29, 1988 setting a schedule for Defendant's answer to the complaint and Plaintiff's reply; and scheduling oral argument and hearing for February 11, 1988; and

Because argument and hearing were held on February 11, 1988; and

Because, by agreement of counsel, we consolidated the hearing on the preliminary injunction with the hearing on the final injunction and on the merits [Fed.R.Civ.P. 65(a)(2)]; and

Because we find the sole issue before this Court is whether the Defendant's interpretation of its constitutional provision requiring a merger to proceed pending appeal to the next National Convention is "patently unreasonable". (See *Stelling v. International*, 587 F.2d 1379, (9th Cir. 1978), *cert. denied*, 442 U.S. 944, 99 S.Ct. 2890, 61 L.Ed.2d 315 (1979)); and

Because we find the Defendant's interpretation is not patently unreasonable (See *Local 334, et al. v. United Association, et al.*, 669 F.2d 129 (3d Cir.1982)).

NOW, THEREFORE, the prayer of the Plaintiff's complaint and the motion for a preliminary and permanent injunction is denied.

### ON MOTION FOR INJUNCTION PENDING APPEAL

On February 17, 1988, this Court issued an Order denying the Plaintiff's motion for a preliminary and permanent injunction which sought to enjoin the decision of the Defendant, United Association of Journeymen and Apprentices of the Plumbing and Pipe Fitting Industry of the United States and Canada, AFL–CIO, to merge the Plaintiff, Plumbers Local 90, with Pipefitters Local 524. In rejecting Local 90's claims, the Court held that the Defendant in ordering the merger had not interpreted its constitution in a "patently unreasonable" manner.

On March 7, 1988, the Plaintiff filed an appeal to the Court of Appeals for the

Third Circuit from this Court's February 17, 1988 Order. This matter is once again before the Court on the motion of the Plaintiff for an injunction pending appeal pursuant to Fed.R.Civ.P. 62(c).

On March 10, 1988, the Court held a hearing and heard oral argument on the question of whether an injunction pending appeal would be appropriate in this matter.

The relevant text of Rule 62(c) is as follows:

> *Injunction pending appeal.* When an appeal is taken from an interlocutory or final judgment granting, dissolving, or denying an injunction, the Court in its discretion may suspend, modify, restore or grant an injunction during the pending of the appeal upon such terms as to bond or otherwise as it considers proper for the security for the rights of the adverse party....

An application under Fed.R.Civ.P. 62(c), is generally in the discretion of the Court, however, that discretion is governed by certain considerations. Namely, it is generally required before an injunction pending appeal issues that: (1) the applicant make a strong showing that he is likely to succeed on the merits of the appeal; (2) the applicant establishes that unless a stay is granted he will suffer irreparable injuries; (3) no substantial harm will come to other public interested parties; and (4) a stay would prove do no harm to the public interest. *See Hilton v. Braunskill,* 481 U.S. 770, 107 S.Ct. 2113, 2119, 95 L.Ed.2d 724 (1987); *Jensen v. Farrell Lines, Inc.,* 477 F.Supp. 335 (E.D.1979).

Applying these considerations to the circumstances of this case, the Court finds that an injunction pending appeal would be inappropriate. Foremost to the Court's consideration is the Plaintiff's failure to demonstrate any showing of a reasonable likelihood of success on the merits.

The main issue before the Court in the original proceeding was whether the Defendant interpreted its constitutional provisions in an inappropriate manner in requiring the merger of the two locals to proceed before Plaintiff was able to fully exhaust its right to appeal at the next National Convention.

The Court's scope of judicial review is highly limited in cases involving internal union matters. In fact, our Third Circuit has a "patently unreasonable" standard for a court's evaluation of a union's interpretation of its own consitution. *Local 334 v. United Ass'n of Journeymen, etc.,* 669 F.2d 129, 131 (3d. Cir.1982). In *Stelling v. Intern. Broth. of Elec. Workers, etc.,* 587 F.2d 1379, 1389 n. 10 (9th Cir.1978), *cert. denied,* 442 U.S. 944, 99 S.Ct. 2890, 61 L.Ed.2d 315 (1979), the Court stated:

> the proper inquiry has been described as "whether there was arguaable authority for the officer's act from the officer's viewpoint at the time, not from a court's more sophisticated hindsight."

The Defendant maintains that its constitution clearly provides authority to order its decision to merge the locals to take effect before the National Convention. It cites Section 215 of the United Association Constitution in support of its position:

> Any decision ... shall be subject to appeal to the following convention ... but the decision shall be and remain effective for all purposess during the pendency of any such appeal, and is to be carried out in any respect by all parties until the following convention decides the appeal, or otherwise determines and directs.

In applying that limited scope of review, the Court found that the United Association's decision to merge the two locals before the next convention, in light of what seemed clear and explicit constitutional language, was not a "patently unreasonable" interpretation of its union constitution. Quite frankly, United Association's interpretation was probably the only reasonable one provided for by Section 215 of the constitution.

In the instant motion, the Plaintiffs have failed to make any legitimate argument to demonstrate "patent unreasonableness" regarding the Defendants' interpretation of its constitution, nor has plaintiff set forth its own alternative interpretations of the constitution that would support its insistence that Defendants' position is unrea-

sonable, that make would make a successful challenge to the Defendant's action seem likely.

Having failed to meet this threshold requirement for injunctive relief, the Plaintiffs' motion will be denied. It bears noting that the Court further finds that Plaintiff has failed to meet the final three factors.