848 F.2d 186
 128 L.R.R.M. (BNA) 2952
 Unpublished Disposition
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
TILE WORKERS FINISHERS LOCAL 77; Robert Pettoni, Business
Manager; Tile Finishers Local 177; Tile Layers Finishers
Local 88; Charles McKenna, Business Manager; Charles Hill,
Business Agent; Tile Layers Finishers Local 24; Robert
Douglas, Secretary, Financial Secretary and Treasurer; John
Miller, Business Agent, Tile Marble and Terrazzo Finishers
Local 32; Nazzareno Tamburini, President; John Chick,
Business Agent; Tile Marble Finishers; Marble Shopmen;
Precast Panel Workers Local 40; Carl Volpe, President and
Business Agent; Marbel and Terrazo Finishers Local 184;
Lewis Joseph, Recording Secretary, Financial Secretary,
Treasurer and Business Agent, Plaintiffs-Appellees,
v.
TILE MARBLE, TERRAZZO, FINISHERS, SHOPWORKERS & GRANITE
CUTTERS INTERNATIONAL UNION; Gerald D.
Bombassaro, President and
Secretary-Treasurer,
Defendants-Appellants.
 No. 87-2062.
 United States Court of Appeals, Fourth Circuit.
 Argued: Feb. 4, 1988.
Decided: May 16, 1988.
 
 Joseph J. Pass, Jr. (Jubeliere, Pass & Intrieri, P.C.; Ronald M. Ohen, on brief), for Appellants; Jeffrey Lawrence Kreisberg (Kreisberg & Maitland, P.C.; Andrew Lawrence on brief) for Appellee
 Before CHAPMAN and WILKINSON, Circuit Judges, and THOMAS SELBY ELLIS, III, United States District Judge for the Eastern District of Virginia, sitting by designation.
 CHAPMAN, Circuit Judge:
 
 
 1
 Tile, Marble, Terrazzo, Finishers, Shop Workers & Granite Cutters International Union ("Union") appeals a grant of partial summary judgment in favor of Tile Workers Finishers Local 77 and six other Union locals ("Local 77"). Local 77 brought this action to invalidate a dues increase adopted at the Union's 1986 convention, contending that election of certain convention proxy delegates violated the Union's constitution. The resolution adopting the dues increase would have failed if none of the proxy votes had been counted. The district court granted summary judgment in favor of Local 77 to the extent that any proxy delegate elected by acclamation rather than secret ballot was elected in contravention to the Union's constitution, and therefore should not have been entitled to vote at the convention. We now reverse and remand.
 
 
 2
 Article V, section 5 of the Union's constitution provides that proxy delegates "shall be elected by secret ballot in accordance with the local union constitution and by-laws and the standards required by the federal law under Title IV of the Labor-Management Reporting and Disclosure Act." It is undisputed that certain proxy delegates unopposed at the local level were elected by acclamation. The Union contends, however, that by referring to the "standards required by federal law under Title IV of the Labor-Management Reporting and Disclosure Act," the constitution incorporates Title IV and regulations issued thereunder, particularly 29 C.F.R. Sec. 452.28. Since section 452.28 allows election by acclamation when candidates are unopposed[1], the union argues that the election of unopposed proxy candidates by acclamation was valid. Because this is a reasonable interpretation of its own constitution, we agree.
 
 
 3
 It is well established that a union's interpretation of its own constitution is entitled to judicial deference unless its interpretation is patently unreasonable. Local 334 v. United Ass. of Journeymen and Apprentices of the Plumbing and Pipefitting Indus. of the United States and Canada, AFL-CIO, 669 F.2d 129 (3d Cir.1982). Local 77 argues that the plain language of article V, section 5 requires proxy delegates to be elected only by secret ballot. Although this interpretation is plausible, it is not so inescapable as to make the Union's position "patently unreasonable." We, therefore, accept the Union's interpretation and conclude that article V, section 5 of the Union's constitution incorporates the provisions of Title IV of the LMRDA and the regulations issued thereunder, specifically 29 C.F.R. 452.28.
 
 
 4
 Local 77 contends that an interpretation allowing election of unopposed candidates by acclamation will chill the efforts of minority union members by foreclosing the election of write-in candidates. We reject this argument because article IX, section 3(h) of the local by-laws specifically prohibits write-in votes on the day of the election. Since write in votes are prohibited, we fail to see how the efforts of minority union members will be chilled when unopposed candidates are elected by acclamation.
 
 
 5
 Accordingly, we reverse and remand this matter to the district court for consideration of whether election of proxy delegates, unopposed at the local level, complied with 29 C.F.R. Sec. 452.28.
 
 
 6
 REVERSED AND REMANDED.
 
 
 
 [1]
 29 C.F.R. Sec. 452.28 provides:
 An election of officers or delegates that would otherwise be required by the Act to be held by secret ballot need not be held by secret ballot when all candidates are unopposed and the following conditions are met: (a) The union provides a reasonable opportunity for nominations; (b) write-in votes are not permitted, as evidenced by provisions in the constitution and bylaws, by an official interpretation fairly placed on such documents, or by established union practice; and (c) the union complies with all other provisions of Title IV.