United States Court of Appeals,

Fifth Circuit.

No. 91-5615.

Ramiro M. MARTINEZ, Individually and as President of American Federation of Government Employees, Local 1617, Plaintiff-Appellant,

v.

The AMERICAN FEDERATION of GOVERNMENT EMPLOYEES, et al., Defendants-Appellees,

and

Robert Guttman, U.S. Dept. of Labor, etc., Intervenor-Defendant-Appellee.

Jan. 12, 1993.

Appeal from the United States District Court for the Western District of Texas.

Before BRIGHT,*\* JOLLY, and BARKSDALE, Circuit Judges.

E. GRADY JOLLY, Ciuit Judge:

The sole question with which we are presented is whether the federal courts have subject matter jurisdiction over this dispute. Ramiro M. Martinez, a federal employee, and a member of the American Federation of Government Employees ("AFGE"), sued it under the Labor-Management Reporting and Disclosure Act ("LMRDA") because it had removed him from office in his local union. The LMRDA grants federal courts jurisdiction over disputes between a union and its members if the union is a "labor organization" as the LMRDA defines the term. Unions that bargain solely with the government are not "labor organizations" subject to the LMRDA; all others are. The AFGE has stipulated that it "represents" private sector employees as well as government employees. This limited stipulation, however, does not make clear whether the AFGE deals with private sector employers concerning grievances, labor disputes, wages, rates of pay, hours, or other terms and conditions of employment. Thus, because we are uncertain whether jurisdiction over this dispute lies in the federal courts, we remand for further proceedings not inconsistent with this opinion.

I

*Senior Circuit Judge of the Eighth Circuit, sitting by designation.

Ramiro M. Martinez is a federal employee who works at the Kelly Air Force Base in San Antonio. The American Federation of Government Employees, Local 1617 ("Local 1617"), is the exclusive bargaining representative for the civilian employees working at the Kelly Air Force Base. Martinez is a member of the AFGE and Local 1617. All of Local 1617's members are federal employees. Local 1617 is charted by its parent, the American Federation of Government Employees ("AFGE"). The AFGE is comprised of over a thousand local labor unions and represents almost 700,000 government employees. The parties stipulated that some of the AFGE's local unions "represent" both private and public sector employees.

In July of 1986 and again in February of 1989, the members of Local 1617 elected Martinez president. On January 3, 1989, AFGE National Vice President Glen J. Petersen ordered an investigation of Martinez to determine whether he had violated the AFGE's national constitution by selling a list of Local 1617's members' names and addresses to an insurance company. On March 28, John Sturdivant, AFGE's national president, found there was probable cause to believe that Martinez had sold the membership list. Believing that Local 1617 could not conduct a fair and impartial trial on the charges, Sturdivant appointed a trial committee composed of the presidents of three other AFGE locals. The trial committee, which Martinez contends was biased against him, concluded that Martinez had violated the union constitution and recommended that Sturdivant remove him from his office as president and bar him from holding any union office for three years. On August 24, Sturdivant accepted the trial committee's findings and recommendations and immediately removed Martinez from office.

In February, approximately the same time the AFGE was investigating Martinez, Local 1617 held its regularly scheduled election and Martinez was re-elected. Several unsuccessful candidates challenged the election, alleging that the union gave incumbents greater access to Local 1617's newspaper. After Local 1617's election committee dismissed the protests, two candidates filed appeals to National Vice President Peterson, who ordered an investigation of the election. Finding that incumbent union officers used union funds to enhance their campaigns, Peterson ordered a new election. Martinez appealed the decision to Sturdivant.

When Sturdivant denied his appeal, Martinez and the other Local 1617 officers filed a complaint with the Department of Labor, challenging the decision to overturn the February election. They alleged that the decision violated the right of Local 1617's membership to elect their officers. They further alleged that the decision was arbitrary, capricious, and politically motivated. After conducting its own investigation, the Department of Labor dismissed the complaint.

II

Martinez then brought this action on September 7, 1989, in the United States District Court, Western District of Texas, at San Antonio. Martinez sued under the provisions of the Labor-Management Reporting and Disclosure Act ("LMRDA"), 29 U.S.C. § 401, *et seq.* The complaint named the AFGE, some of its national officers, and some officers of other AFGE local unions as defendants. He alleged that the AFGE and its officers violated his rights under the LMRDA by removing him from office, by barring him from office for three years, and by invalidating the February union election in which he had been re-elected president.

On October 3, the AFGE and its officers filed a motion to dismiss or in the alternative for summary judgment. They argued that the court lacked subject matter jurisdiction because Martinez's claims were subject to the exclusive remedial scheme provided by Title VII of the Civil Service Reform Act ("CSRA") of 1978. 5 U.S.C. § 7101, *et seq.*[1] The Acting Assistant Secretary of Labor for Labor-Management standards, who administers section 7120 of Title VII of the CSRA, intervened as a defendant. The Assistant Secretary then filed his own motion to dismiss for lack of subject matter jurisdiction.

The district court held that the CSRA applies to the plaintiff's claims. Concluding that the CSRA's comprehensive statutory scheme precludes judicial review of Martinez's claim under the

---

[1]Both the CSRA and the LMRDA grant certain similar rights to union members. The CSRA, however, applies only to federal employees who are union members. Unlike the LMRDA, the CSRA does not grant union members the right to sue their unions in federal court. Instead, federal employees who are union members must bring their grievances against their union before the Assistant Secretary of the Department of Labor. The instant case deals with a situation where the two statutes overlap because the AFGE admits members who are employed in both the public and the private sector.

LMRDA, the district court granted the motions to dismiss.[2]  Martinez appeals.

III

The only question before us is whether the LMRDA grants subject matter jurisdiction over Ramiro M. Martinez's claims.  If it does, then the district court erred in dismissing the complaint.  This question is purely legal and, thus, we review the district court's conclusions *de novo.  United States v. Harrison,* 918 F.2d 469, 473 (5th Cir.1990).

We thus turn to the LMRDA and examine whether Martinez's claim finds a jurisdictional home.  Section 412 of the LMRDA provides that:

> [a]ny person whose rights are secured by the provision of this subchapter have been infringed by any violation of the subchapter may bring a civil action in a district court of the United States for such relief (including injunctions) as may be appropriate.

29 U.S.C. § 412.  Thus, Martinez as a "person," can bring an action against his union under section 412 if he has rights secured by the LMRDA that have been violated.  The LMRDA grants certain rights "to every member of a labor organization."  29 U.S.C. § 411.  It is undisputed that, in substance, Martinez asserts rights protected under the LMRDA.  Those rights include the right to vote and otherwise to participate in union affairs.  Martinez contends that the AFGE violated these protected rights when it wrongly denied him the right to participate in his union, including the right to hold office.[3]  Thus, the only remaining question as to whether Martinez has stated a claim under the LMRDA that would give us subject matter jurisdiction, is whether he is a member of a "labor organization."  This inquiry is determinative of jurisdiction here because the rights that Martinez asserts belong only to "every member of a labor organization."  29 U.S.C. § 411.

---

[2]In reaching its decision, the district court relied on *Karahalios v. National Federation of Federal Employees,* 489 U.S. 527, 109 S.Ct. 1282, 103 L.Ed.2d 539 (1989).  In *Karahalios,* the Court held that the CSRA does not create a private cause of action for federal employees to sue their unions.  The Court reminded us that we should be reluctant to provide additional remedies where a statute expressly provides one.  *Id.* at 533, 109 S.Ct. at 1286-87.  *Karahalios,* however, does not govern the instant case.  Here, the question is not whether the CSRA provides a remedy, but whether the LMRDA provides one.

[3]Despite the AFGE's arguments to the contrary, Martinez's membership in Local 1617, a purely federal union, does not affect his rights under the LMRDA as a member of the AFGE.  The national AFGE and its national officers are the defendants in the instant suit, and it is their actions that are the subject of the suit.  If Martinez's local union and its officers were the defendants, we would have an entirely different case.

The LMRDA defines a "labor organization" as:

[any organization] in which employees participate and which exists for the purpose, in whole or in part, of *dealing with employers* concerning grievances, labor disputes, wages, rates of pay, hours, or other terms and conditions of employment. (Emphasis added.)

29 U.S.C. § 402(i). Thus, the question is whether the AFGE meets this definition: does it deal with employers concerning the terms and conditions of employment? "Employer" is defined under the LMRDA as any employer except "the United States or any corporation wholly owned by the government of the United States or any state or political subdivision thereof." 29 U.S.C. § 402(e). We, therefore, ask whether the AFGE or any of its locals deal with "any employer except the government—federal, state or local?" If it does, federal courts have jurisdiction over Martinez's claims against the AFGE; if the only employer that the AFGE and its locals deal with is the government, we must affirm the dismissal of the complaint because the AFGE would not be a "labor organization" under the LMRDA.

On the record before us, the answer to this question is unclear. The AFGE has stipulated that it represents non-governmental employees. At the same time, the AFGE argues that it has no contracts with private employers and that no private employers recognize the AFGE as the exclusive bargaining agent of its employees. In short, the AFGE contends it is not a labor organization because, although it admits into membership some persons who work in the private sector, it does not deal with their private employers. Unfortunately, except for the somewhat ambiguous stipulation, the record is bare on the essential question of jurisdiction. This court has a duty to determine whether it has jurisdiction over any case before it. *Morales v. Pan American Life Ins. Co.,* 914 F.2d 83, 85 (5th Cir.1990). We, therefore, must remand for further factual findings in order to determine whether we have jurisdiction. If the district court finds that the AFGE, through any of its locals, deals with any private sector employers on behalf of its members concerning the terms and conditions of employment, then the district court has jurisdiction and Martinez must have an opportunity to litigate his claims in federal court. Otherwise, the district court must dismiss the proceeding.[4]

---

[4]*See Berardi v. Swanson Memorial Lodge No. 48,* 920 F.2d 198 (3d Cir.1990). Here, a government employee sued his union. The union admitted some honorary members, but it was unclear whether the union dealt with their employers. The court remanded for further factual

Before concluding, we pause to note the limited nature of our decision.  A federal employee can only bring suit in federal court under the LMRDA when his dispute is with his union and the union happens to deal with private employers concerning the terms and conditions of employment. This decision today merely ensures that all members of the same national union have the same rights vis-a-vis their national union.

IV

For all of the reasons above, we REVERSE the judgment of the district court and REMAND for further proceedings not inconsistent with this opinion.

REVERSED and REMANDED.

---

findings.  *See also Hester v. Intern. Union of Operating Engineers,* 818 F.2d 1537 (11th Cir.1987).