SHEET METAL WORKERS' INTERNATIONAL ASSOCIATION, LOCAL UNION NO. 19

and

Thomas J. Kelly, In his capacity as President of the Sheet Metal Workers' International Association, Local Union No. 19

and

Raymond Creighton, In his capacity as member of and delegate to Sheet Metal Workers' International Association, Plaintiffs,

v.

SHEET METAL WORKERS' INTERNATIONAL ASSOCIATION,

and

Lawrence J. Cassidy, In his capacity as General Secretary–Treasurer of the Sheet Metal Workers' International Association, Defendants.

Civ. A. No. 94–4374.

United States District Court, E.D. Pennsylvania.

July 28, 1994.

---

Bruce E. Endy, Spear, Wilderman, Borish, Endy, Browning and Spear, Philadelphia, PA, for plaintiffs.

John O'B Clarke, Jr., Highsaw, Mahoney & Clarke, P.C., Washington, DC, for Sheet Metal Workers' Intern. Ass'n.

William Wynn, Willig, Williams & Davidson, Philadelphia, PA (James T. Langford, Sheet Metal Workers' Intern. Ass'n, Washington, DC, of counsel), for Lawrence J. Cassidy.

### *ADJUDICATION*

KATZ, District Judge.

**AND NOW,** this 28th day of July, 1994, after a trial, the court finds as follows.

### Background

This action concerns the representation of a local union at the general convention (the "Convention") of the defendant Sheet Metal Workers' International Association (the "As-

sociation"). Plaintiff Sheet Metal Workers' International Association Local Union No. 19 (the "Local") has 2718 members. Under the first clause of Section 2(b) of Article 7 of the Association's Constitution (the "Constitution") the Local's membership would be entitled to twenty-seven (27) delegates to the Convention at the rate of one (1) delegate for each one hundred (100) members. However, the second clause of Section 2(b) of Article Seven (7) limits representation based on membership to no more than fifteen (15) delegates. Section 9 of Article Thirteen (13) states that, *subject to* Article Seven (7) the officers, business managers and business representatives of each local union shall be automatic delegates to the Convention. The Local has nine (9) automatic delegates.

The issue is how many members of the Local may attend the convention as delegates.[1]

### Discussion

The Local asserts that under the Constitution it is entitled to twenty (20) delegates to the Convention.

The General Executive Counsel of the Association in its communication of July 19, 1994 declined to allow the Local more than fifteen (15) delegates to the Convention on grounds that the Local had fewer than fifteen (15) automatic delegates.

The applicable provision of the Constitution is as follows:

In the event that the number of automatic delegates to the Convention by virtue of the provisions of Article Thirteen (13), Section 9 when added to the number of delegates permitted to each local union by virtue of this Section 2(b), equal or exceed fifteen (15) delegates, then and in that event, a local union shall be entitled to *not more than* an additional five (5) delegates, provided however, that such additional delegates are permitted only in accordance with the formula relating to the number of members per delegate as set forth in the first sentence of this Section.

Section 2(b) of Article Seven (7). (emphasis added).

---

1. This action concerns the number of delegates of the Local entitled to attend the Convention, it *does not* concern the voting strength of the Local at the Convention. Regardless of whether the Local is entitled to fifteen (15) or twenty (20) delegates, its voting strength is the same.

The court reads this provision to give discretion to the Association to recognize "not more than" an additional five (5) delegates of the local union, in instances where the number of automatic delegates "when added to the number of delegates permitted to each local by virtue of this Section 2(b), equal or exceed fifteen (15) delegates." The provision does not make recognition of additional delegates mandatory. Here, the Association has exercised its discretion and restricted its recognition of additional delegates to situations when a local has more than fifteen (15) automatic delegates. This reading is not "patently unreasonable". *Local 334 v. United Ass'n of Journeymen*, 669 F.2d 129, 131 (3d Cir. 1982). The reason for the position is to prevent domination of the Convention by larger local unions. This position was applied consistently to all local unions with respect to the forthcoming Convention.

## JUDGMENT

**AND NOW,** this 28th day of July, 1994, after trial, it is hereby **ORDERED** that judgment is entered in favor of defendants and against plaintiffs.