**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-3136
_____

JESSE J. AVERHART

v.

COMMUNICATIONS WORKERS OF AMERICA; LAWRENCE COHEN;
CHRISTOPHER SHELTON; HETTY ROSENSTEIN; CWA LOCAL 1033;
RAE ROEDER

(D.C. No. 3-10-cv-06163)

JESSE J. AVERHART

v.

CWA LOCAL 1033; RAE ROEDER; DIANE SPENCE-BROWN;
ANTHONY MISKOWSKI; DENNIS REITER; CWA UNION;
LAWRENCE COHEN; ANNIE HILL; CHRISTOPHER SHELTON

(D.C. No. 3-13-cv-01093)

Jesse J. Averhart,
                                        Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action Nos. 3-10-cv-06163 & 3-13-cv-01093)
District Judge:  Honorable Anne E. Thompson
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 3, 2017

Before:  AMBRO, KRAUSE and NYGAARD, Circuit Judges

(Opinion filed: May 4, 2017)

_____

OPINION[*]

_____

PER CURIAM

In 2010, Jesse Averhart filed suit in New Jersey Superior Court against the Communications Workers of America ("CWA") and its president; CWA District 1 (an affiliate administrative arm of CWA) and its vice president; CWA New Jersey (an affiliate administrative arm of CWA and CWA District 1) and its director; and CWA Local 1033 (a local union of the CWA) and its president. He alleged that the CWA Local 1033 defendants, aided by the other defendants, breached their fiduciary duty to union members and breached the contractual terms of the union constitution by failing to organize unorganized union members and by refusing to fully disclose financial disbursements of union dues. Averhart also claimed that the CWA Local defendants breached their fiduciary duty and the contractual terms by failing to provide secret ballot voting for the election of their officers. In seeking relief, Averhart invoked the Labor Management Reporting and Disclosure Act ("LMRDA"), 29 U.S.C. §§ 411-531, so the defendants removed the case to the United States District Court for the District of New Jersey. The proceedings continued for several years as the parties litigated, inter alia, a motion to remand, a motion to amend, and a motion to disqualify counsel.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

In 2013, Averhart filed another complaint in the District Court, naming as defendants the CWA Union, its president, and secretary-treasurer; the District 1 Vice President; and CWA Local 1033 and the members of the CWA Local 1033's Finance Committee (the president, executive vice-president, secretary, and treasurer of the local union). He alleged that the defendants violated "29 U.S.C. 415, § 105" of the LMRDA by failing to provide statutorily required notice about the LMRDA. He further alleged that the defendants violated "29 U.S.C. 415, § 101" of the LMRDA by failing to comply with provisions of the union's constitution that required parity between the private local unions and the public/private mixed local unions in, inter alia, organizing activities, maintenance of standing committees, financial disclosure, promulgation and adoption of local election rules consistent with the LMRDA, and delegate attendance at CWA conventions. Averhart asserted that he had been deprived of his rights under the LMRDA, "29 U.S.C. 501, § 501," because CWA officers rejected his efforts to recover damages or secure an accounting after he alleged through administrative channels fraud, self-dealing, and misappropriation of dues, among other things, by local CWA officers. He further alleged that the LMRDA violations also constituted breaches of contract and fiduciary duties.

On August 1, 2014, the District Court consolidated the two actions pursuant to Rule 42(a) of the Federal Rules of Civil Procedure. Shortly thereafter, the defendants sought an extension of time to file dispositive motions related to the 2010 complaint. After the Magistrate Judge allowed that, and several other extensions of time, the national

3

CWA defendants moved for summary judgment on the claims against them in the 2010 complaint. CWA Local 1033 and its president moved for partial summary judgment in the consolidated case on all claims against them in the 2010 complaint. The District Court granted both motions in an order (ECF No. 136) entered on January 6, 2015.

On May 22, 2015, Averhart filed a motion to amend his complaint. With his motion, he submitted his proposed amendment. After the issue was briefed, the Magistrate Judge denied the motion to amend, largely on futility grounds. Averhart sought an extension of time to appeal the Magistrate Judge's decision to the District Court or to seek reconsideration. The District Court twice denied that motion. Averhart also submitted a motion for reconsideration, which the Magistrate Judge denied. Averhart subsequently asked the District Court to vacate the Magistrate Judge's order denying his motion to amend his complaint. The District Court construed the motion as an appeal from the Magistrate Judge's order denying leave to amend and denied it (ECF No. 167).

Averhart subsequently sought summary judgment. The defendants,[1] in two groups (which we will call the CWA defendants and the Local 1033 defendants, as the District Court did) moved for summary judgment on the remaining claims (those set forth in the 2013 complaint). The District Court denied Averhart's motion and largely granted the defendants' motions (the District Court also ruled that Averhart had voluntarily dismissed

---

[1] By that time, one of the defendants, Anthony Miskowski, the secretary of CWA Local 1033, had died. (CWA Local 1033 had submitted a notice of his death in May 2015. See ECF No. 145.)

one claim, concluded that the CWA defendants' motion was moot as to that claim, and dismissed the claim in its order) (ECF No. 185). Averhart filed a timely motion for reconsideration, which the District Court denied (ECF No. 189). Averhart then filed a notice of appeal, specifying the orders granting summary judgment in favor of the defendants and those denying him leave to amend, summary judgment, and reconsideration (ECF Nos. 136, 167, 185, & 189).

The first issue is the scope of our jurisdiction under 28 U.S.C. § 1291. The defendants argue that we cannot review the order granting summary judgment on the claims in the 2010 complaint. They maintain that although the cases were consolidated, they remained separate actions, and Averhart's appeal is untimely as to the earlier order relating to the 2010 complaint. We have held that "where two or more actions are consolidated for all purposes of discovery and trial, a judgment in one of those actions is not appealable either until all of the consolidated actions have been resolved, or until the district court grants a motion for certification under Rule 54(b)." Bergman v. Atlantic City, 860 F.2d 560, 567 (3d Cir. 1988). In considering the type of consolidation order that the District Court entered, we consider the factors we noted in another case, Bogosian v. Gulf Oil Corp., 561 F.2d 434 (3d Cir. 1977). Id. Specifically, we review the language and terms of the order, whether the plaintiff is represented by the same attorney, whether the suits are filed in the same forum and before the same judge, and whether the complaints and the defendants are identical. Id. at 564 (quoting Bogosian, 561 F.2d at 441).

In this case, the language of the order (including the explicit consolidation of the two cases by name and the citations to Rule 42(a) and the thorough discussion of Rule 42(a) consolidation in In re Lucent Technologies, Inc. Securities Litigation, 221 F. Supp. 2d 472, 480 (D.N.J. 2001)) supports the conclusion that the District Court consolidated the order for all purposes. Some of the discovery proceeded separately (although the consolidation order affected some of the schedule, see ECF No. 135) and the summary judgment requests came in two waves (although the District Court and some of the defendants, namely CWA Local 1033 and its president treated the first wave as a request for partial summary judgment in the consolidated action). However, the suits proceeded in the same forum and in front of the same judge; the plaintiff represented himself in both cases; and there was a great deal of overlap in the defendants and claims. Overall, it cannot be said that the cases remained separate. Instead, they were consolidated into one action by the District Court's order. Accordingly, we have jurisdiction over the appeal from the order of January 6, 2015, granting summary judgment on the claims in the 2010 action, which did not become appealable until final judgment was entered in the consolidated case.

Our review of the rulings on the motions for summary judgment is plenary; we apply the same standard that the District Court used.[2] Sulima v. Tobyhanna Army Depot,

---

[2] Although the CWA Local defendants claim that Averhart has waived his right to appeal because he did not comply with requirements for an appellant's brief and because he failed to set forth which ruling he is appealing and why, their argument is without merit. The requirement to set forth the issues raised on appeal and to present argument in support of them extends to pro se appellants like Averhart. See Kost v. Kozakiewicz, 1

602 F.3d 177, 184 (3d Cir. 2010).  Generally, our review of an order denying a motion

for reconsideration is for abuse of discretion, but to the extent the denial is based on the

interpretation and application of a legal precept, our review is plenary.  See Koshatka v.

Phila. Newspapers, Inc., 762 F.2d 329, 333 (3d Cir. 1985).  Although the District Court at

first disallowed an untimely appeal from the Magistrate Judge's order denying leave to

amend, the District Court ultimately treated the motion to vacate as a motion raising the

amendment issued, so we will review that order for abuse of discretion as well.  See Lum

v. Bank of Am., 361 F.3d 217, 223 (3d Cir. 2004).

Upon review, we will largely affirm the District Court's judgment.[3]  Averhart

presents a general argument first, namely that summary judgment in the defendants'

F.3d 176, 182 (3d Cir. 1993) (citing Fed. R. App. P. 28 and Local Rule 28.1); see also Al-Ra'id v. Ingle, 69 F.3d 28, 31 (5th Cir. 1995) (noting that pro se litigants are not excepted from the requirement to raise and argue issues on appeal).  However, pro se appellants are permitted in this Court to set forth the pertinent facts and issues in an "informal brief."  See United States Court of Appeals for the Third Circuit, Brief and Appendix Information, http://www.ca3.uscourts.gov/brief-and-appendix-information.  Although Averhart added blue covers to his filing and listed authority, he designated the 27-page document an informal brief and followed the form for an informal brief set out by this Court.  Contrary to defendants' claim, he clearly states that he is challenging the rulings granting summary judgment and denying leave to amend and reconsideration.  See, e.g. Appellant's Informal Brief at 1.  And, although his brief is at times difficult to understand, he also presents arguments relevant to those rulings.  We will discuss the details and the scope of his challenges in our opinion (and we will not review issues raised for the first time on appeal, see Harris v. City of Philadelphia, 35 F.3d 840, 845 (3d Cir. 1994)).  Here, it suffices to say that Averhart did not waive review of all issues on appeal for a failure to state which ruling he challenged or because of the form of his brief.  We will not, however, consider any issue not raised by Averhart.

[3] We will vacate the judgment against Anthony Miskowski, the former CWA Local 1033 secretary.  As we noted above, on May 28, 2015, CWA Local 1033 submitted a notice of the Miskowski's death.  To the extent the claim against Miskowski was not extinguished

favor on the 2013 complaint was inappropriate because the District Court did not "give adequate consideration to summary judgment standards." Appellant's Informal Brief at 12. We note, however, that the District Court properly identified the appropriate legal standards and applied them in its ruling. Averhart argues more specifically that his failure to comply with D.N.J. Local Rule 56.1 (describing the requirements for a statement of material facts not in dispute) could not alone form a basis for the entry of summary judgment. And although his argument is based in law, see Anchorage Assocs. v. V.I. Bd. of Tax Review, 922 F.2d 168, 175 (3d Cir. 1990), the District Court did not grant the defendants' motion solely on the finding that his statement was insufficient. The District Court, in denying Averhart's motion for summary judgment as insufficiently supported, did consider inadequacies in the statement, but a denial is not "granting summary judgment." See Anchorage Assocs., 922 F.2d at 175. Furthermore, in denying, (as in granting), summary judgment, the District Court also reviewed Averhart's other submissions (such as the exhibits with his brief in opposition to the defendants' summary judgment motion).

Averhart also claims that the District Court erred in its analysis of his LMRDA claims. He first seems to focus on the notice requirements of the statute. In his complaint, he asserted that the CWA defendants violated the notice provision of Section 105 of Title 1 of the LMRDA (29 U.S.C. § 415), which states that "[e]very labor

---

by his death, it should have been dismissed because no timely motion was made to substitute a different party. See Fed. R. Civ. P. 25(a).

organization shall inform its members concerning the provisions of this chapter." This provision requires a union to inform its members of their statutory rights. See Knight v. Int'l Longshoremen's Ass'n, 457 F.3d 331, 344-46 (3d Cir. 2006). Averhart asserted (in administrative proceedings, before the District Court, and in his brief, see Appellant's Informal Brief at 18) that the CWA was obligated to send a Department of Labor summary of LMRDA rights to him and similarly situated union members to comply with the notice requirement. See, e.g., ECF No. 176-8 at Ex. 6; ECF No. 181. However, the Department of Labor summary lists rights that are not applicable to him as a member of the Local 1033, because the local union, comprised only of public sector employees, is not governed by the LMRDA.[4] See Berardi v. Swanson Mem'l Lodge No. 48 of Fraternal Order of Police, 920 F.2d 198, 201 (3d Cir. 1990). As the District Court essentially concluded, it would stretch logic to say that Averhart could rely on the LMRDA to win notice of rights he does not have under the LMRDA.[5]

---

[4] While the local union is not subject to the LMRDA, "elections in which they participate for national officers or delegates would be so subject" where, as here, the parent organization is subject to the Act. See 29 C.F.R. § 451.3; see also 29 C.F.R. § 452.12. The summary, however, does not address this exception.

[5] Averhart maintains on appeal that his right to notice of his rights under the LMRDA is not just against his local union, but also against the national union, which is a "mixed union," with members from the public and private sectors. See, e.g. Appellant's Informal Brief at 18. We do not disagree that such "mixed unions" are subject to the LMRDA, see 29 C.F.R. § 451.3(a)(4), or that, under the right circumstances, a member of a purely public local union can sue a mixed parent union under the LMRDA, see, e.g., Martinez v. Am. Fed'n of Gov't Emps., 980 F.2d 1039, 1041-1042 (5th Cir. 1993), and we considered his claim against CWA in our analysis above.

Averhart next claims on appeal that he did not seek to invalidate an LMRDA covered election from being conducted or concluded; he instead sought to invalidate provisions of the CWA constitution and bylaws as inconsistent with the LMRDA, and the District Court did not address his claim. Upon review, we conclude that the District Court did consider this claim in its summary and analysis of the second count of the 2013 complaint. As the District Court noted, some of Averhart's allegations in that count can be interpreted as claims of violations of Title IV of the LMRDA over which the District Court lacked jurisdiction. See Kraska v. United Mine Workers, 686 F.2d 202, 205-06 (3d Cir. 1982) (contrasting Title I, which provides a direct cause of action against the union for violations of members' rights as individuals, with Title IV, which is enforced only by the Secretary of Labor and which regulates elections procedures and oversees a union's relationship with its membership as a whole). Averhart sought to invoke Title I by claiming discrimination. In part, his claim seems to be that the CWA defendants are discriminating against him and other members of the public-employee-only local union in the nomination and election processes by not extending to him and those similarly situated the rights afforded by the LMRDA to members of unions made up of private sector employees or a mix of public and private sector employees. But, as the District Court stated, although Averhart used the term "discrimination," when challenged, he did not present evidence that he was denied a right or privilege that he should have been granted. Cf. Calhoon v. Harvey, 379 U.S. 134, 139 (1964) (stating that whether rules set

by a union's constitution and bylaws were reasonable and valid is a question separate from whether a right guaranteed by § 101(a)(1) was violated).

Averhart also takes issue with what he terms as the resolution of his state law claims for breach of contract and breach of fiduciary duty (although he also refers in his argument to what the District Court described as ruling on a breach of contract claim under the federal Labor-Management Relations Act). More specifically, in relation to the 2010 complaint, he argues that the District Court erred in granting summary judgment to the CWA defendants based on the conclusion that the case came down to whether the local union properly interpreted provisions of the CWA constitution. Seemingly in relation to both complaints, he takes issue with the District Court's conclusion that he provided no proof of financial impropriety by Local 1033; he states that he presented all the circumstantial evidence that he could gather.

In relation to the breach of contract issue, as the District Court explained, "courts typically defer to a union's interpretation of its own Constitution and will not override that interpretation unless it is 'patently unreasonable.'" Exec. Bd., Local 234 v. Transp. Workers Union of Am., 338 F.3d 166, 170 (3d Cir. 2003). In two of the main areas that Averhart had objections (e.g., organizing and financial disclosures), the union put forth an interpretation of its own constitution that was not patently unreasonable for the reasons given by the District Court. Accordingly, summary judgment was appropriate. See Local 334, United Ass'n of Journeymen & Apprentices of the Plumbing & Pipe Fitting Indus. v. United Ass'n of Journeymen & Apprentices, 669 F.2d 129, 131 (3d Cir.

11

1982).  With regard to the election claims, as the District Court determined, Averhart did not provide evidence to create a genuine issue of material fact regarding the justifications for the alleged improprieties in past elections in order to show that the union was patently unreasonable in interpreting its contractual obligations in those elections.  Because Averhart's breach of fiduciary duty claims turned on success on his breach of contract claims, judgment in favor of the defendants on those claims was proper as well.

In relation to his remaining claim regarding proof of financial impropriety, Averhart is correct that some courts allow a plaintiff to put such a matter into dispute with "ample circumstantial evidence."  See Noble v. Sombrotto, 525 F.3d 1230, 1236 (D.C. Cir. 2008) (per curiam).  But, facing the defendants' assertion that he had no proof of financial misappropriation, he did not put forth such evidence.  See, e.g., Plaintiff's Response to Defendants' Statement of Undisputed Material Facts at 4, ¶ 34 (summarizing the basis of his claim of a dispute).

In addition to challenging the rulings granting summary judgment in favor of the defendants, Averhart argues that the District Court erred in denying reconsideration of the ruling on the second wave of summary judgment motions.  However, given that Averhart did not present a proper basis for reconsideration (instead rehashing his arguments), the District Court did not abuse its discretion in denying his motion.  See Max's Seafood Cafe by Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (explaining that reconsideration is warranted if a litigant shows "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available

12

when the court [ruled]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice") (citation omitted).

Lastly, Averhart contends that he should have been permitted to amend his complaint. Although leave to amend should freely be given, the District Court did not abuse its discretion in denying leave to amend for the reasons it gave, including the bases of futility and prejudice. See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997) (explaining that "[a]mong the grounds that could justify a denial of leave to amend are undue delay, bad faith, dilatory motive, prejudice, and futility").

For these reasons, we will affirm the judgment in favor of all the defendants but Anthony Miskowski. We will vacate the judgment as to him, and remand this matter to the District Court with directions for the District Court to dismiss the case against him.