**Peter J. BRENNAN, Secretary of Labor, United States Department of Labor**

v.

**EMPLOYEES INDEPENDENT ASSOCIATION–PENNSYLVANIA POWER AND LIGHT COMPANY.**

**Civ. No. 74-261.**

United States District Court, M. D. Pennsylvania.

July 23, 1974.

---

Carla A. Hills, Asst. Atty. Gen., U.S. Dept. of Justice, New York City, Harland F. Leathers, Atty., Dept. of Justice, William J. Kilberg, Washington, D. C., S. John Cottone, U. S. Atty., Scranton, Pa., for plaintiff.

Sheldon Rosenberg, Nogi, O'Malley & Harris, Scranton, Pa., Mayer, Weiner & Mayer, New York City, for defendant.

## MEMORANDUM AND ORDER

NEALON, District Judge.

This action was instituted by the Secretary of Labor, United States Department of Labor, under Title IV of the Labor-Management Reporting and Disclosure Act of 1959 (Act of September 14, 1959 (Act of September 14, 1959, 73 Stat. 519 et seq., 29 U.S.C. § 481 et seq.), hereinafter referred to as the LMRDA, against the Employees Independent Association-Pennsylvania Pow-er and Light Company. The Secretary of Labor seeks to have an election for Vice Chairman and one Executive Committee Member of the defendant conducted on January 7, 1974, declared null and void and to require a new election for those offices under his supervision. Jurisdiction is conferred upon the Court by section 402(b) of the LMRDA (29 U.S.C. 482(b)). Both parties have filed motions for summary judgment, with affidavits attached, and these motions are now before the Court for disposition.

The undisputed pertinent facts are as follows: Defendant is an independent labor organization representing the employees of the Pennsylvania Power and Light Company. The Association is divided into fifteen geographical divisions and each division elects its officers from its own members. Each division-president is a member of the General Committee and is also considered an elected delegate of the members of his division for the purpose of electing the officers and Executive Committee of the Association. At the meeting of the Association on January 7, 1974, the fifteen Presidents elected a General Chairman, General Vice Chairman, General Treasurer, General Secretary and four members of the Executive Committee to three-year terms. The General Vice Chairman and one member of the Executive Committee were elected by one vote. It is the election of those two officials which plaintiff seeks to set aside on the grounds that one of the voting Presidents, Earl J. Wenner, of the Wilkes-Barre division, was allegedly ineligible to be elected President and, ergo, ineligible to vote at the meeting. The reason behind that assertion is that Wenner had been transferred from Wilkes-Barre to Hazleton (another division) on December 8, 1970, when the Wilkes-Barre local system operations office was closed down. Mr. Wenner concedes that he was transferred on that date but that he took a leave of absence on February 2, 1971, in order to assume a full-time union position, that of General President. According to Wenner, the transfer un-

der the Union's constitution was temporary and he remained a member of the Wilkes-Barre division fully eligible to hold office.

Article II, sections 4(a)–(e) of the Union Constitution provide:

"(a) Members shall be assigned to sections by the Divison having appropriate jurisdiction.

"(b) Transfer from one division to another division for a period of less than six months shall be considered temporary.

"(c) Members who are temporarily transferred to another jurisdiction shall retain their membership in the division from whose jurisdiction they were transferred.

"(d) Members who are permanently transferred shall automatically become members of the Division to whose jurisdiction they were transferred.

"(e) If a power plant or Employer facility is shut down or terminated, resulting in the obliteration or termination of the existence of the Division or Divisions representing the employees in such power plant or Employer facility, the members and officers of such Division or Divisions, who are retained in the employ of the Employer, shall become members of the Divisions into whose geographical jurisdiction they are transferred."

Plaintiff submitted the affidavit of James M. Klinedinst, Assistant Manager for Union Relations for the Pennsylvania Power and Light Company, who stated that Wenner's transfer was a permanent one and that if Wenner "should return from his leave of absence he would not be employed in Wilkes-Barre but would most likely be in either Hazleton, Pennsylvania, or Allentown, Pennsylvania . . ." Plaintiff's argument follows that as the geographical location of a member's job determines di-

vision membership, Wenner became a member of the Hazleton division upon his transfer. Defendant counters by pointing to Article II, section 4(b) of the Constitution and emphasizes that the Union's General Committee has the full power of interpretation under the Constitution [1] and the Committee has interpreted the transfer as a temporary one. Defendant protests any attempt to allow an employer's interpretation of permanency to overrule or supersede the construction made by the Union itself especially since it applies to strictly Union business.

Plaintiff concedes that the standard utilized in judicial review of an interpretation given by a union to its constitution is that an interpretation will be accepted unless that interpretation is clearly unreasonable. 29 C.F.R. 452.3; English v. Cunningham, 108 U.S.App. D.C. 365, 282 F.2d 848 (1960); Schonfeld v. Raftery, 359 F.Supp. 380 (S.D. N.Y.1973). In Gurton v. Arons, 339 F. 2d 371, 375 (2nd Cir. 1964), the Court stated:

"The provisions of the L.M.R.D.A. were not intended by Congress to constitute an invitation to the courts to intervene at will in the internal affairs of unions. Courts have no special expertise in the operation of unions which would justify a broad power to interfere. The internal operations of unions are to be left to the officials chosen by the members to manage those operations except in the very limited instances expressly provided by the Act."

On February 2, 1971, Mr. Wenner took a leave of absence from the Company. As of that date, his transfer had been in effect for less than two months and, by virtue of his leave, he was no longer an active employee on Pennsylvania Power and Light Company's payroll. He did not serve six months as an employee in the Hazleton office and,

---

1. Under Article V, Section 1(d) the General Committee is the "final arbiter of all questions and policies affecting the Association".

The Committee decided that Wenner was eligible to vote by a vote of 14 for, 1 against, and 1 abstention.

**26**

consequently, never became a permanent transferee. That is so because the Union Constitution, which determines Union policy and functioning, specifically provides that a transfer for a period less than six months shall be considered temporary and the General Committee has determined that Mr. Wenner's transfer fits within that category. This interpretation by the Union of its Constitution is not "clearly unreasonable" and I so hold.

Plaintiff's motion for summary judgment will be denied and defendant's cross-motion for summary judgment will be granted.