**Howard BRODSKY, Plaintiff,**

v.

**Alexis HERMAN, Secretary of Labor, United States Department of Labor, and Union Local 306, Motion Picture Projectionists, Video Technicians and Allied Crafts, I.A.T.S.E., Defendant**

**No. 97 CIV. 4923(CBM).**

United States District Court, S.D. New York.

Oct. 30, 2000.

---

**348**

Brodsky & Gordina, LLP, Brooklyn, NY, Merrick J. Brodsky, for Plaintiff.

Elizabeth Wolstein, AUSA, New York City, for Defendant.

### OPINION GRANTING SUMMARY JUDGMENT

MOTLEY, District Judge.

### OPINION

■   Plaintiff filed this federal question suit against Union Local 306 (Union) and the Secretary of Labor under § 481 of the Labor Management Reporting and Disclosure Act (LMRDA) in 1997 requesting that: (1) the Secretary's findings with respect to Plaintiff's previously filed claim against the Union's 1995 election be declared arbitrary and capricious, an abuse of discretion, and contrary to law; (2) the court order the Secretary to institute suit under § 402 of the LMRDA to set aside the election; and (3) the Union be ordered to recompense Plaintiff for his costs in defending a "SLAPP" suit.[1]   On February 23, 1999 this court dismissed Plaintiff's complaint against the Union, holding that only the Secretary may be sued in a Title IV action and that only the Secretary can file suit to set aside an election.  *See Brod-*

---

1.   "The acronym, 'SLAPP', stands for 'Strategic Lawsuits Against Public Participation.' ... SLAPP suits are actions brought against individuals or community groups in an effort to silence those who speak out on public issues."  *Brodsky v. Herman,* 1999 Lexis 1852 at *2, 1999 WL 97900, *1 (S.D.N.Y.1999) (citations omitted).

*sky v. Herman,* 1999 Lexis 1852 at *2—4, 1999 WL 97900, *1–2 (S.D.N.Y.1999).

The Secretary then filed the instant motion for summary judgment on July 9, 1999, arguing that there is no issue of material fact to be decided. The Secretary maintains that the Statement of Reasons for her decision not to require a new election provides an adequate factual basis for the dismissal of Plaintiff's claim that the Union election was invalid. In response, Plaintiff claims that the Secretary's Statement, setting forth her reasons for refusing to order a new election in this case, constitutes a gross abuse of discretion. For the reasons stated below, the summary judgment motion is granted and this case is dismissed.

## I. Facts

Plaintiff was an unsuccessful candidate for Secretary–Treasurer of the Union in the Union's 1995 elections. Plaintiff thereafter filed a complaint with the Secretary of the Department of Labor (DOL) asking that the election results be set aside because of alleged improprieties in connection with that election (unsupervised collection of ballots; control of ballots left to incumbent; improper nomination for candidacy of the Union's president; harassment of Plaintiff at meetings and the commencement by the Union of a "SLAPP" suit against Plaintiff).

The Secretary of Labor denied Plaintiff's complaint and request for a new election. She submitted a Statement of Reasons explaining her denial. The Secretary found that: (1) the Union's constitution was not violated by the failure of the Union to appoint opposition candidates to the Ballot Committee; (2) the evidence presented by Plaintiff failed to establish the veracity of his complaint that opposition candidates were denied the opportunity to observe the election process; (3) Plaintiff failed to establish the materiality of his complaints about the Union's collection and control of the election ballots because no ballot tampering was alleged; (4) the evidence indicated that the "SLAPP" suit filed against Plaintiff was not retaliatory or improper; and (5) the evidence revealed no violations of the Local 306 Constitution in the nomination of the Union president.

## II. Summary Judgment Standards

The standard for summary judgment is that "[u]ncertainty as to the true state of any material fact defeats the motion." *Gibson v. Am. Broad. Companies,* 892 F.2d 1128, 1132 (2d Cir.1989). The non-moving party's burden is to produce concrete evidence sufficient to establish a genuine unresolved issue of material fact. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 322—24, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Dister v. Continental Group, Inc.,* 859 F.2d 1108, 1114 (2d Cir.1988). The court then must view the facts in the light most favorable to the non-movant. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Gallo v. Prudential Residential Servs., Ltd. Partnership,* 22 F.3d 1219, 1224 (2d Cir.1994). The court neither weighs evidence nor resolves material factual issues, but only determines whether, after adequate discovery, any such issues remain unresolved because a reasonable fact finder could decide for either party. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Gibson,* 892 F.2d at 1132. "However, neither 'conclusory statements, conjecture, [n]or speculation' suffice to defeat summary judgment." *Johnson v. Delphi Energy & Engine Management Systems,* 181 F.3d 82, 82 (2d Cir.1999).

## III. Standard of Review of Department of Labor Findings

■ A federal district court may review the decision of the Secretary of the Department of Labor only to determine whether the decision was arbitrary, capricious, an abuse of discretion or otherwise not in accordance with the law. *See Dunlop v. Bachowski,* 421 U.S. 560, 573, 95

S.Ct. 1851, 44 L.Ed.2d 377 (1975), overruled in not relevant part by *Local No. 82, Furniture & Piano Moving, Furniture Store Drivers, Helpers, Warehousemen & Packers v. Crowley,* 467 U.S. 526, 549—50, 104 S.Ct. 2557, 81 L.Ed.2d 457 (1984). In making its determination, the court must "consider the statement of reasons justifying the decision to determine whether the path which the agency followed can be discerned, and whether the decision was reached. for an impermissible reason or [for] no reason at all." ' *See Vargas v. Immigration & Naturalization Service,* 938 F.2d 358, 360 (2d Cir.1991) (citing *Dunlop,* 421 U.S. at 573, 95 S.Ct. 1851). The statement should inform the court "of both the grounds of decision and the essential facts upon which the Secretary's inferences are based." *See Dunlop,* 421 U.S. at 573—74, 95 S.Ct. 1851.

Only in a rare case, such as where the "Secretary grossly abuses his discretion by, for example, declaring he will not enforce Title IV, or prosecuting complaints in a constitutionally discriminatory manner," may the court go beyond the Statement of Reasons. *See Maldonado v. Brock,* 661 F.Supp. 548, 551 (S.D.N.Y.1987). Plaintiff contends that this is such a case because of the nature of the Union's violations and the fact that the Secretary took 169 days to issue her Statement. However, the rare case is one in which the Secretary, not the Union, grossly abuses discretion. Therefore, the conduct of the Union is not relevant for this determination. Further-

more, the Secretary's conduct in this case does not rise to the level of a constitutional violation or a gross abuse of discretion as described above.[2] Therefore, this court is restricted to an examination of the Statement of Reasons in order to determine whether the Secretary provided a reasonable explanation for her decision.

█ Finally, the remedies available to Plaintiff in the district court are limited. Should the court determine that the Secretary's Statement of Reasons fails to provide an adequate account of her decision, the court may not order a new election. The Secretary retains the "exclusive authority to challenge and, if successful, to supervise union elections." *See Local No. 82 v. Crowley,* 467 U.S. 526, 548, 104 S.Ct. 2557, 81 L.Ed.2d 457 (1984). If the court determines that the Secretary's decision was arbitrary and capricious, the Secretary may be ordered to reopen consideration of Plaintiff's former complaint and to supplement her Statement.[3] *See Dunlop,* 421 U.S. at 574—75, 95 S.Ct. 1851.

This, and the fact that the Union has been dismissed from the action, means that the only issue before the court is whether the Secretary's decision was arbitrary and capricious.

## IV. Plaintiff's Arguments in Opposition to the Secretary's Summary Judgment Motion

Plaintiff argues that each allegation denied by the Secretary in the answer consti-

---

**2.** Plaintiff cites a D.C. Circuit case, *Doyle v. Brock,* 821 F.2d 778 (D.C.Cir.1987), for the proposition that the court may review the underlying documents reviewed by the Secretary to determine if the Statement of Reasons is internally consistent, therefore, the absence of certain allegedly missing documents may be considered. However, as is discussed below, even if this court chose to apply *Doyle,* Plaintiff's allegation that the Secretary ignored these papers in her decision does not create an issue of material fact in this case.

**3.** Plaintiff argues that in the rare case, as described above, the court may go further and order the Secretary to bring suit. However, Plaintiff misreads the law. In the rare egre-

gious case, the court may examine evidence other than the Secretary's Statement of Reasons for signs that the decision was arbitrary and capricious. However, there is no support for the contention that the court could order the Secretary to commence suit, even in such a rare case. Rather, when the Supreme Court addressed these issues in dicta, it suggested that such a court order might violate the separation of powers. *See Dunlop,* 421 U.S. at 576 n. 12, 95 S.Ct. 1851. At any rate, this case is not the rare case and, as a matter of law, Plaintiff's request that this court order that the election be overturned must be denied.

tutes an issue of contested material fact. In addition, Plaintiff contends that the Secretary's statements that Plaintiff had been expelled from the Union in 1996 and can no longer participate in Union elections constituted a difference of opinion.

Plaintiff's 1996 expulsion from the Union was upheld in *Brodsky v. Union Local 306,* 1999 WL 102763 (S.D.N.Y. Feb 24, 1999), *affd.* 205 F.3d 1321 (2d Cir.2000), *cert. denied* — U.S. —, 120 S.Ct. 2662, 147 L.Ed.2d 276 (2000), *rehearing denied,* — U.S. —, 121 S.Ct. 4, 147 L.Ed.2d 1028 (2000). Therefore, it is well settled that Plaintiff has been expelled by the Union and after 1996 had no right to participate in governance of the Union. As such there is no question as to the fact that Plaintiff has been expelled from the Union. This leaves the remaining allegations in the complaint to be examined for an issue of material fact.

Plaintiff's many allegations in the complaint can be reduced to three categories: (A) the Union committed various bad acts in the conduct of the 1995 election (which were the basis of the complaint to the DOL); (B) the DOL failed to correctly interpret the Union constitution when it refused to find that the Union violated that constitution when the Union allowed a previously expelled member to seek the office of president and in conducting the election; and (C) the DOL ignored certain documents and evidence submitted by Plaintiff in rendering its decision as evidenced by Plaintiff's allegation that those documents were missing from the DOL file.

### A. The Union's Conduct During the Election

Plaintiff's allegations regarding the Union's conduct are as follows: (1) the incumbents used Union resources to accuse Plaintiff of wrongdoing; (2) the Union commenced a SLAPP suit against Plaintiff; (3) the Union failed to follow balloting protocols as required by the Union constitution; (4) the Union allowed one of the candidates to run for office in violation of the Union constitution (Plaintiff contested that candidate's membership); and (5) the Union permitted the harassment of Plaintiff at Union meetings.

Much of the content of these allegations (e.g. that Union members acted in violation of the Union constitution) are conclusions of law. As discussed above, such conclusions are not sufficient to defend against a grant of summary judgment. *See Johnson,* 181 F.3d at 82. To the extent these allegations are not conclusory, they fall outside the purview of the evidence this court is permitted to review. The question before the court is not whether the Union committed violations of election procedure, but whether the Secretary could reasonably have come to the conclusion that the Union did not commit such violations. Even assuming for the purposes of summary judgment that Plaintiff's allegations regarding the Union are true, they are not material to this issue.

### B. The Department of Labor's Interpretation of the Law

Plaintiff argues that there is an unresolved issue of fact regarding the Secretary's interpretation of the Union's constitution and of the law. Plaintiff states that the Secretary's interpretation in finding no violations on the part of the Union was in error. However, questions about the interpretation of the law are, by definition, legal questions. As discussed in Part A above, Plaintiff's statement that the Union's actions were in violation of the Union constitution are mere conclusions of law and, as such, do not constitute an issue of fact for the purposes of summary judgment.

### C. The Plaintiff's "Missing" Evidence

Plaintiff's main claim focuses on evidence which Plaintiff submitted with his complaint to the Secretary and which Plaintiff asserts was not considered when the Secretary issued her Statement. Plaintiff bases this claim on the fact that

he submitted a Freedom of Information Act (FOIA) request to retrieve the DOL file on this case and discovered that the FOIA documents were not listed as evidence that the Secretary considered and that the FOIA evidence in question was not mentioned in the Secretary's Statement. However, Plaintiff, himself, admits that the FOIA evidence was submitted to the DOL, that the documents in question were listed in the appendix to Plaintiff's original complaint to the DOL and that the original complaint was on the list of documents considered by the Secretary. *See* Tr. Oct. 19, 2000 Hr'g on the Instant Mot., at 27—28. The fact that the documents were not mentioned in the Secretary's Statement is also not evidence that the Secretary ignored the evidence. The Secretary is not required to address every issue raised by Plaintiff in her Statement. To the contrary, the Secretary need only provide non-arbitrary permissible reasons for her decision. *See Dunlop,* 421 U.S. at 573, 95 S.Ct. 1851. Therefore, Plaintiff's allegation that the Secretary ignored his submissions is mere conjecture and as such does not create a genuine issue of material fact to defend against summary judgment. *See Johnson,* 181 F.3d at 82.

As Plaintiff has not presented evidence of a genuine issue of material fact, the court now proceeds to examine the Secretary's Statement of Reasons in order to make the final determination in this case.

## V. The Secretary's Statement

 As noted, the Secretary is not required to provide detailed reasons nor address every issue raised by Plaintiff in order for her decision to be upheld. *See Dunlop,* 421 U.S. at 573, 95 S.Ct. 1851. Rather, the decision need only be based on non-arbitrary permissible facts. The reasons given by the Secretary in her Statement fall within this category. The Secretary, in her Statement, based her opinion

4. Plaintiff asserts that the ostensibly overruled provision was invoked by the Local Union against other members both before and after the 1995 election. Be that as it may, the Secretary was neither arbitrary nor capri-

that the election procedure was proper on an examination of the Union's constitution. The Secretary's Statement goes on to note that there were no witnesses to corroborate Plaintiff's allegations regarding the election process. The Statement further notes that even if violations of the Union constitution occurred during the balloting process, Plaintiff made no claim that any ballot tampering took place and, therefore, no harm occurred. The Secretary based her opinion that no harassment of Plaintiff took place on an examination of the minutes of the meetings and the record of the Union Executive Board's process. Finally, the Secretary notes that the provision which Plaintiff claims should have barred the candidate for president from membership was ruled inconsistent with the International Union's rules by that body in 1991.[4] The Secretary's Statement provided an adequate factual and reasoned basis for each of her decisions.

## VI. Conclusion

For the foregoing reasons, the Secretary of Labor's motion for summary judgment is granted and this case is dismissed.

cious in deciding to credit the International Union's decision in this case and whether this court might have decided differently based on the facts is not at issue.