**William HILL, Donald Kraucuk, Deborah Stralkus, and Amy Lewis, Plaintiff,**

v.

**Elaine CHAO, Secretary, Department of Labor, Defendant.**

**No. 01 CV 8926(KMW).**

United States District Court, S.D. New York.

Sept. 30, 2002.

Robert G. Androsiglio, Radna & Androsiglio, New York City, for Plaintiff.

Beth E. Goldman, Assistant U.S. Attorney, New York City, for Defendant.

## ORDER

KIMBA M. WOOD, District Judge.

Plaintiffs William Hill, Donald Kraucuk, Deborah Stralkus, and Amy Lewis ("plaintiffs")are members of Local 97, ("Local 97"), International Brotherhood of Teamsters ("IBT"), a labor organization as defined by 29 U.S.C. § 402(i). Defendant Elaine Chao ("defendant") is the Secretary of the Department of Labor, sued in her official capacity.

Plaintiffs allege misconduct in the proceedings of a union election. This suit is brought to compel defendant to investigate the allegations and, if violations are found, to petition the Court to order a new election under the supervision of the Depart-

ment of Labor. For the reasons set forth below, the Court finds that plaintiffs failed to exhaust their union remedies and grants defendant's Rule 12(b)(6) motion to dismiss.

## I. *Background* [1]

On December 6, 2000, Local 97 held an election for union officers. Plaintiffs were candidates for the following offices: Hill ran for president, Lewis for vice-president, Kraucuk for secretary-treasurer, and Stalks for recording secretary. All four plaintiffs were defeated in their bids for election, losing by an average margin of 112 votes out of 2,042 votes cast. (Compl.Ex. A.) On December 8, 2002, plaintiffs filed a challenge to the election results with Teamster Joint Council No. 73 ("Joint Council"). (Compl.Ex. B.) Sixty-nine days later, on February 15, 2001, the Joint Council mailed a decision in response to plaintiffs' challenge, upholding the election results. (Compl.Ex. D.)

Plaintiffs did not appeal the Joint Council's decision to the International Executive Board ("IEB") at that time. Instead, on March 15, 2001, plaintiffs filed a complaint with the Department of Labor ("DOL") under Section 482 of the Labor Management Reporting and Disclosure Act ("LMRDA"). 29 U.S.C. § 482. The complaint alleged "massive violations" of the LMRDA by incumbent slate of candidates and requested an investigation of the proceedings as well as a new, DOL-supervised, election. (Compl.Ex. E.) On March 21, 2001, an agent of the DOL, Frank Gonzalez, informed plaintiffs that their protest was time-barred because no appeal had been taken to the IEB within 15 days of the Joint Council's decision. Plaintiffs wrote a letter to the DOL the next day,

contesting agent Gonzalez' conclusion on several grounds. (Compl.Ex. F.) Plaintiffs claim that they never received a response to this letter. (Compl.¶ 12.)

Plaintiffs next appealed the Joint Council's decision to the IEB. On April 3, 2001, plaintiffs received a letter from the IEB acknowledging receipt of their appeal and inviting them to submit any additional evidence within 30 days. (Compl.¶ 14.) Plaintiffs renewed their appeal to the DOL when more than 100 days had passed without additional communication from the IEB. (Compl.¶ 15.) On July 18, 2001, the DOL responded by letter, declining to undertake an investigation of the election and reiterating its position that plaintiffs' action was time-barred. (Compl.Ex. I.) Defendant has moved to dismiss this action pursuant to Rule 12(b)(6), claiming that plaintiffs have failed to state a claim upon which relief can be granted.

## II. *Legal Standards*

### A. *Rule 12(b)(6)*

In considering a motion to dismiss for failure to state a claim upon which relief can be granted, the Court merely "determine[s] whether the compliant itself is legally sufficient," *Goldman v. Belden,* 754 F.2d 1059, 1067 (2d Cir.1985), accepting as true its factual allegations, *see Anatian v. Coutts Bank (Switzerland) Ltd.,* 193 F.3d 85, 88 (2d Cir.1999). All inferences are drawn in favor of the non-moving party. *See Moore v. PaineWebber, Inc.,* 189 F.3d 165 (2d Cir.1999). The complaint should not be dismissed unless it appears beyond doubt that the plaintiff "can prove no set of facts in support of his claim which would entitle him to relief." *Cruz v. Gomez,* 202 F.3d 593, 597 (2d Cir.2000) (quoting *Con-*

---

**1.** The facts as set forth in this opinion have been taken from the Complaint and are assumed to be true in accordance with the legal standard of review on a motion to dismiss. *See Anatian v. Coutts Bank (Switzerland) Ltd.,* 193 F.3d 85, 88 (2d Cir.1999).

*ley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

In making this assessment, the Court "must limit itself to the facts stated in the complaint, documents attached to the complaint as exhibits and documents incorporated by reference in the complaint." *Hayden v. County of Nassau,* 180 F.3d 42, 54 (2d Cir.1999). However, when a motion to dismiss is predicated on plaintiffs' failure to exhaust internal union remedies, "a court may only grant dismissal if it is able to say beyond a doubt that plaintiffs' allegations . . . are insufficient to excuse their failure to exhaust the remedies available." *Bennett v. Saunders,* 1999 WL 529539, at *2 (S.D.N.Y.1999) internal quotations omitted (quoting *Retana v. Apartment, Motel, Hotel, & Elevator Operators Union,* 453 F.2d 1018, 1025 (9th Cir.1972)).

### B. *Labor Management Reporting and Disclosure Act*

Section 482 of the LMRDA dictates when the Department of Labor may become involved in a labor organization dispute. Section 482(a) relates specifically to the enforcement of complaints filed with the Department, and states: "A member of a labor organization -

(1) who has exhausted the remedies available under the constitution and by-laws of such organization and of any parent body, or

(2) who has invoked such available remedies without obtaining a final decision within three calender months after their invocation,

may file a complaint with the Secretary within one calendar month thereafter alleging the violation of any provision of section 481 of this title (including violation of the constitution and bylaws of the labor organization pertaining to the election and removal of officers)." 29 U.S.C. § 482(a).

■ In applying this statute, courts must defer to the Department of Labor's interpretation when faced with any ambiguities. "The law is well settled that an agency's interpretation of a statute with which it has been charged with administering and which has been reduced to a regulation is to be fully accepted by a court as long as Congress has not directly spoken as to the precise question at issue and the interpretation proffered by the agency is a permissible one." *Jones v. American Postal Workers Union,* 192 F.3d 417, 427 (4th Cir.1999)(citing *Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.,* 467 U.S. 837 at 842–43, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984)).

### III. *Discussion*

The legislative intent behind the enactment of the LMRDA is well documented. Congress gave the Department of Labor the power to investigate internal union affairs, but circumscribed that power in order to protect union independence. Thus, the LMRDA "represents a balance between the public interest in fair and democratic elections, on the one hand, and the importance of minimizing government encroachment upon union autonomy, on the other." *Martin v. Local 480,* 946 F.2d 457, *461 (6th Cir.1991). As the Supreme Court has commented,

[e]xamination of the relevant legislative materials reveals a clear congressional concern for the need to remedy abuses in union elections without departing needlessly from the longstanding congressional policy against unnecessary governmental interference with union affairs . . . . Plainly Congress intended to foster a situation in which the unions themselves could remedy as many election violations as possible without the Government's ever becoming involved. Achieving this objective would not only preserve and strengthen unions as self-

regulating institutions, but also avoid unnecessary expenditure of the limited resources of the Secretary of Labor. *Hodgson v. Local Union 6799,* 403 U.S. 333, 338–39, 91 S.Ct. 1841, 29 L.Ed.2d 510 (1971).

Plaintiffs claim that the Secretary is in violation of her legal obligation to consider the merits of their complaint.[2] Although plaintiffs do not disagree with the principle that union remedies must be exhausted before appeal to the DOL, they contend that their complaint complied with the procedures set forth in the union constitution. Defendant argues that plaintiffs failed to appeal the decision of the Joint Council within the required time and that their complaint to the Secretary was, as a result, time-barred. The Court agrees with defendant's position for the following reasons.

### A. *Requirements of bringing a complaint within the union*

Both parties agree that the requirements for appealing the results of a union election are set forth in Article XXII of the Constitution of the International Brotherhood of Teamsters ("IBT Constitution"). Article XXII Section 5(b) states:

> In the event there shall be any protest or charge by any member concerning the conduct of the election after the election has been held, such protest or charge shall be made in writing by such member within seventy-two (72) hours ... to the Secretary–Treasurer of the Joint Council with which the Local Union is affiliated .... The decision of the

Joint Council Executive Board shall be appealable to the General Executive Board ["GEB"] for final decision ... in accordance with the provisions of Article XIX of the International Constitution to the extent that such provisions may be applied to an election protest or charge. Constitution of the International Brotherhood of Teamsters, Article XXII, Section 5(b).[3]

The parties dispute whether the IBT Constitution requires appeal to the GEB within 15 days of a Joint Council Executive Board decision.

Article XIX of the IBT Constitution is entitled "Trials and Appeals"; its second subheading is "Appeals of Local Union Officers and Members". That section, Section 2(a), begins with a paragraph relating to appeals from decisions imposing disciplinary action. The second paragraph of this subsection, however, states: "All manner of appeals shall be taken within fifteen (15) calendar days from the date the decision is placed in the mail or otherwise transmitted to the interested parties." *Id.* Article XIX, Section 2(a).

Plaintiffs argue that "Article XXII of the Teamster Constitution provides no time requirement concerning appeals to the IEB." (Compl.¶ 11(a).) The IBT's own interpretation of its constitution's time limits in a similar situation is that the 15–day time limit in Article XIX, Section 2(a), applies to all appeals, including appeals to the IEB. (Compl.Ex. C.) In a document entitled "LMRDA Election Protest and Appeal Summary", which the union provided to the DOL in another context, the IBT

---

**2.** Plaintiffs also assert that it is not within the DOL's power to interpret the IBT Constitution. Plaintiffs cite no support for this proposition.

**3.** The terms "General Executive Board" ("GEB") and "International Executive Board" ("IEB") appear to be used inter-

changeably throughout the parties' submissions to the Court. The Court therefore proceeds on the assumption that GEB and IEB are simply two different names for the same supervisory body. The Court will refer to this as "IEB."

states, "[a] decision of the Joint Council Executive Board can be appealed to the General Executive Board within 15 days. The decision of the General Executive Board is final." (Compl.Ex. C.) That same document states " ... the 15–day time limit outlined in Art. XIX, Section 2(a) is applicable to 'all manner of appeals' ".

### B. Standards of review

▮ The interpretation given to the IBT Constitution by the IBT itself deserves judicial deference in the absence of a clearly erroneous result; "[A]bsent bad faith or special circumstances, an interpretation of a union constitution by union officials ... should not be disturbed by the court." *Local Unions 20 v. United Brotherhood of Carpenters and Joiners of America,* 2002 WL 1891269 at *6 (S.D.N.Y. Aug.15, 2002) quoting *Motion Picture & Videotape Editors Guild, Local 776 v. International Sound Technicians, Local 695,* 800 F.2d 973, 975 (9th Cir.1986). Courts defer to a union's interpretation of its constitution unless that interpretation is "unfair or unreasonable", in recognition of the importance of allowing unions to act as largely independent administrative agencies. *See Felton v. Ullman,* 629 F.Supp. 251, 255 (quoting *Schonfeld v. Raftery,* 359 F.Supp. 380, 388 (S.D.N.Y.1973)). *See also Local 450 v. International Union of Electronic, Electrical, Salaried, Machine and Furniture Workers,* 30 F.Supp.2d 574, 577 (E.D.N.Y.1998); *Brennan v. Employees Independent,* 381 F.Supp. 23, 25 (M.D.Pa. 1974) ("the standard utilized in judicial review of an interpretation given by a union to its constitution is that an interpretation will be accepted unless that interpretation is clearly unreasonable.") This would be true even if the pertinent section of the IBT Constitution were ambiguous or if this Court might choose to interpret it

otherwise; "a court should defer to a union official's reasonable interpretation of his union's constitution even if the court might not have reached the same interpretation." *Felton,* 629 F.Supp. at 255.

▮ In addition, as the previously cited legislative history indicates, the judiciary should defer to the specific knowledge of the DOL in union matters. In a ruling that overturned the Second Circuit's decision to enjoin a union election under the LMRDA, the Supreme Court stated, "[r]eliance on the discretion of the Secretary of Labor is in harmony with the general congressional policy to allow unions great latitude in resolving their own internal controversies." *Calhoon v. Harvey,* 379 U.S. 134, 140, 85 S.Ct. 292, 13 L.Ed.2d 190 (1964).

▮ A recent decision from this district reiterates the judicial standard for reviewing DOL findings. Judge Motley states in *Brodsky v. Herman,* "[a] federal district court may review the decision of the Secretary of the Department of Labor only to determine whether the decision was arbitrary, capricious, an abuse of discretion or otherwise not in accordance with the law." *Brodsky,* 120 F.Supp.2d 347, 349 (S.D.N.Y. 2000). Viewing the Secretary's decision in light of the facts of this case and with the applicable standard in mind, this Court cannot find that the defendant's behavior is either unreasonable or unlawful.

### C. Failure to exhaust

Union members may appeal a decision to the DOL in either of two circumstances. First, if an aggrieved member of a union successfully exhausts all of the union remedies provided to him, then he may appeal the final decision to the Secretary of the DOL.[4] Second, if a complainant brings his

---

4. A "final decision" within the context of the

multi-tiered decision making structure of a

case to the proper union body(ies) and does not receive a final ruling after three months, then the issue may be brought to the Secretary.

Plaintiffs in this case succeeded in meeting the first procedural requirement by bringing their challenge to the Joint Council within 72 hours of the election. The response from the Joint Council was mailed February 15, 2001, 69 days after plaintiffs' submission.[5] At that point, plaintiffs failed to appeal to the IEB, as required by the IBT Constitution, Articles XXII and XIX. Instead, plaintiffs filed a complaint with defendant and were denied relief due to their failure to appeal to the IEB. Between March 21 and April 3, 2001,[6] plaintiffs filed a complaint with the IEB. The time limit for appeal had expired, however, on March 2, 2001, fifteen days after the Joint Council's decision. For this reason, the Court finds that plaintiffs failed to properly exhaust their union remedies, and that the Secretary's denial of their claim was appropriate.

### D. *Complexity of administrative remedies*

■ Plaintiffs argue that if, in the alternative, they did fail to exhaust their union remedies, they should not be penalized because the procedural process is unreasonably burdensome: "[t]he IBT requirement that members appeal joint council decisions to the IBT General Executive

Board within 15 days of the decision is an unreasonable rule." (Plts.' Memo in Opp. to Def.'s Motion to Dismiss at 11.) The Court finds that the IBT Constitution's 15 day appeal deadline is not unreasonable.

The Court is not unsympathetic to plaintiffs' assertion that Article XIX of the IBT Constitution is long and complex. Nonetheless, Article XXII clearly points any interested reader to an examination of Article XIX, which contains a section headed "Appeals of Local Union Officials and Members." The relevant language is found in the second paragraph under that heading; it stands out clearly, both in its format as a separate paragraph and its decisive wording: "*All manner of appeals* shall be taken within fifteen (15) calendar days." IBT Constitution Article XIX, Section 2(A) (emphasis added).

Courts have not yet specified the level of procedural complexity that would excuse a party from failing to exhaust union remedies. In a Second Circuit decision, *Bennett*, 1999 WL 529539, the court held that plaintiffs had failed to exhaust their union remedies where the plaintiffs failed to properly appeal their complaint regarding an election that did not occur. Although the court in Bennett found that "this situation is not explicitly addressed in the [union] Constitution", it held that plaintiffs should have been able to deduce the correct means of appeal by analogy to similar appellate procedures. *Id.* at *4.[7] The pro-

union, is a "final decision by the union's highest tribunal." *Herman v. Local 305*, 214 F.3d 475, *480.

5. There appears to be some confusion in plaintiffs' papers as to the number of days that elapsed between the time of their appeal to the Joint Council and that body's denial of their request for an inquiry into the election. As stated in the Complaint, plaintiffs submitted their challenge on Dec. 8, 2000 and the Joint Council replied on February 15, 2001. By the Court's count, the intervening time is a

total of 69 days—not 79 days (Compl.¶ 11(d)), nor 71 days (Plts.' Memo in Opp. to Deft.'s Motion to Dismiss). These differences are not material.

6. The precise date is not specified in the Complaint.

7. The Court in *Bennett* noted that "[t]he Second Circuit has repeatedly emphasized this policy of non-interference in the context of labor union disputes." *Bennett v. Saunders*,

cedural requirements in the present case are specifically addressed in the IBT Constitution. Ascertaining those requirements is not unduly onerous. The fifteen day time limit for an appeal to the IEB is not overly burdensome. The Court thus finds that plaintiffs' allegations are "beyond a doubt ... insufficient to excuse their failure to exhaust the remedies available," and grants defendant's motion to dismiss. *Id.* at *2.[8]

## IV. *Conclusion*

The Court finds that plaintiffs failed to exhaust their administrative remedies under section 482(a). The defendant was therefore correct in declining to entertain plaintiffs' petition to investigate the Local 97 elections. Because the facts as alleged in the Complaint are insufficient to excuse the plaintiffs' failure to exhaust, the Court grants defendant's motion to dismiss. All pending motions are moot.

SO ORDERED.

1999 WL 529539 at *2 (S.D.N.Y. July 23, 1999).

8. Plaintiffs argue two other grounds for excusing their failure to exhaust union remedies. The Court finds neither to be compelling.

First, plaintiffs claim that they were unaware of the appeal requirements. Ignorance does not excuse plaintiffs from compliance with their union appeal procedures. *See*

*Cammarata v. Ice Cream Drivers and Emp. Union, Local 757, Good Humor Corp., et. al.,* 441 F.Supp. 696 (E.D.N.Y.1977).

Second, plaintiffs claim that the DOL is not entitled to assert any defense to a union member's complaint that has not first been raised by the union itself. DOL, however, is constrained by 28 U.S.C. § 482, which does not permit it to entertain a complaint from a complainant who has not properly exhausted his union remedies.